RONALD J. HOLLAND (SBN 148687)
rjholland@mwe.com
CHRISTOPHER A. BRAHAM (SBN 293367)
cbraham@mwe.com
PHILLIP SHECTER (SBN 300661)
pshecter@mwe.com
SANIYA AHMED (SBN 315535)
sahmed@mwe.com
**MCDERMOTT WILL & EMERY LLP**
415 Mission St., Suite 5600
San Francisco, CA 94105-2533
Telephone:   + 628 218 3800
Facsimile:   + 628 877 0107

Attorneys for Defendant
DRAPER AND KRAMER MORTGAGE CORP.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE VASQUEZ, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DRAPER AND KRAMER MORTGAGE CORP.,<br><br>Defendants. | CASE 4:20-CV-06635-YGR<br><br>**DEFENDANT DRAPER AND KRAMER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**<br><br>*[Filed Concurrently With The (1) Notice of Motion and Motion to Transfer Venue; (2) Declaration Of Karla Beinborn; And (3) [Proposed] Order]*<br><br>Date: January 12, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Ctrm.: 1, 4th Floor<br><br>Complaint filed: 9/22/2020 |

**I.   INTRODUCTION**

Plaintiff Jose Vasquez ("Vasquez") filed this putative class action on behalf of himself and other loan officers employed by defendant Draper and Kramer Mortgage Corp. ("Draper and Kramer"), alleging violations of the Fair Labor Standards Act (the "FLSA") and California law. Notably, of the "hundreds" of loan officers Vasquez seeks to represent, only *one* works in the Northern District of California and it is not even Vasquez. On the other hand, Vasquez and most members of the California putative class work or worked for Draper and Kramer in the Central District of California. As a result, nearly all the relevant parties and witnesses in this Action are located in the Central District. This is significant because a major issue in the case concerns a determination of whether Plaintiff was exempt from the entitlement to overtime, minimum wage, meal periods and rest breaks. Case law unambiguously holds that this exemption issue requires a factually inquiry into the work actually performed by the claimant. Therefore, this Court should transfer venue to the Central District of California, which is where the parties and primary witnesses are located and can easily provide live testimony on an issue central to the resolution of this Action.

**II.   ARGUMENT**

Section 1404(a) specifically authorizes the transfer of this action to the Central District of California when it states: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007). The purpose of this section is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations omitted). Transferring this Action is appropriate because: (A) this case could have been brought in the Central District of California; and (B) the additional factors analyzed by the Ninth Circuit to adjudicate transfer motions weigh heavily in favor of granting this Motion.

**A.   VENUE IS PROPER IN THE CENTRAL DISTRICT OF CALIFORNIA**

The threshold inquiry under Section 1404(a) is whether Vasquez could have brought this case in the Central District of California. *See* 28 U.S.C. § 1404(a). Venue is proper in any judicial

district in which "a substantial part of the events or omissions giving rise to the claim occurred" or "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. §§ 1391(b)(2), (b)(3).  For purposes of venue, a corporation "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c)(2).

In the instant case, Vasquez alleges that Draper and Kramer misclassified him and other California loan officers under federal and state law and, as a result, failed to pay them overtime and minimum wages in violation of the Fair Labor Standards Act ("FLSA") and California law.  Compl. ¶¶ 1, 9, 10, 21, 22, 23.[1]  Draper and Kramer is subject to personal jurisdiction in the Central District because it maintains numerous offices in the Central District and allegedly caused an employment injury to a former employee – Vasquez – while he lived and worked in the Central District.  *See* Declaration of Karla Beinborn ("Beinborn Decl.") ¶¶ 2, 3 and 6.  Thus, it is clear venue is also proper in the Central District of California.  This case could have (and should have) been brought in the Central District for the oldest and most common of reasons -- almost all of the events giving rise to Vasquez's claims occurred in that District and Draper and Kramer is subject to personal jurisdiction there.  *See* 28 U.S.C. §§ 1391(a)(3), (b)(2) and (d).

### B. THE RELEVANT SECTION 1404(a) FACTORS WEIGH HEAVILY IN FAVOR OF THE REQUESTED TRANSFER

Once it is established that the action could have been brought in the proposed transferee forum, the court must determine whether "the convenience of the parties," "convenience of the witnesses" and "the interests of justice" make transfer appropriate.  28 U.S.C. § 1404(a); *Los Angeles Mem. Coliseum Comm. v. National Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981), *aff'd*, 726 F.2d 1381 (9th Cir. 1984).  California courts consider several factors in determining whether transfer better serves the parties and the interests of justice, including "[t]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses . . . and all other practical problems that make trial

---

[1] Draper and Kramer categorically and absolutely denies those allegations.  *See generally* Dkt. 13, Def.'s Answer.

1 of a case easy, expeditious and inexpensive." *Id.,* at 499.

2 "The Court is to interpret these factors broadly, and to apply them to the particular facts of
3 each individual case." *Paaluhi v. U.S.*, No. 05-3997 PA (SSx), 2006 WL 5671235, at *1 (C.D. Cal.
4 Feb. 1, 2006). Not all of these factors carry the same weight, and the focus under Section 1404(a) is
5 to determine the location of the center of gravity of the litigation. *McCormack v. Safeway Stores,*
6 *Inc.*, 2012 WL 5948965, at *4 (N.D. Cal. Nov. 28, 2012) (noting that "a fundamental principle
7 underpinning the § 1404(a) analysis is that litigation should proceed in that place where the case
8 finds its 'center of gravity.'"); s*ee also Paaluhi*, 2006 WL 5671235, at *2 (finding that transferring
9 venue was warranted because "the majority of the operative facts" took place in the transferee
10 forum). Thus, the most important factors are the convenience of the parties and witnesses, which
11 necessarily incorporates the location of operative facts and events. As shown below, these factors
12 weigh heavily in favor of transfer, and therefore the Court should transfer this case to the Central
13 District of California. *See Clark v. Sprint Spectrum L.P.*, No. C 10-03625 SI, 2010 WL 5173872, at
14 *5 (N.D. Cal. Dec. 15, 2010) (Ordering transfer from Northern District of California to the Central
15 District of California where there was "no connection" between the claims and the Northern District
16 "in regards to the location of the operative facts, residences of the parties and witnesses, and location
17 of the evidence").

18         1.     <u>Vasquez's Choice of Forum Should be Given Little Weight</u>

19 Ordinarily, a plaintiff's choice of forum is afforded significant weight under Section 1404(a).
20 *FieldTurf USA, Inc. v. Blue Sky Int'l, Inc.*, No. CIV S-11-2035 KJM, 2012 WL 4510671, at *3 (E.D.
21 Cal. Sept. 30, 2012). However, "[w]here, as here, plaintiffs are not residents of the forum, the
22 assumption that their choice of forum is reasonable is significantly more attenuated." *Id.*; *see also*
23 *King v. Sam Holdings, LLC,* No. 5:CV 10–04706–EJD, 2011 WL 4948603 at *2 (N.D. Cal. Oct.18,
24 2011) (holding that the principle that deference is given to a plaintiff's choice of forum "does not
25 hold nearly as strong where the plaintiff does not reside in the venue or where the forum lacks
26 significant connection to the activities alleged in the complaint.") (internal quotations omitted). A
27 plaintiff's choice of forum is entitled to even less deference if most of the operative facts in the case
28 took place outside the chosen forum. *See F.T.C. v. Watson Pharmaceuticals, Inc.*, 611 F.Supp.2d

MCDERMOTT WILL & EMERY LLP

Defendant's Memorandum of Points and Authorities In Support of Its Motion to Transfer Venue      3      (No. 4:20-cv-06635-YGR)

1081, 1089 (C.D. Cal. 2009) (granting transfer where "most important operative facts" occurred in transferee forum); *Paaluhi*, 2006 WL 5671235, at *2 (transferring case from Central District of California to the Norther District after concluding "the fact that *most of the operative facts* in the case took place outside of this forum, leads the Court to attach minimal weight to plaintiff's choice of forum") (emphasis added).  Moreover, "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

Here, Vasquez and the majority of the California putative class work(ed) in the Central District of California and their claims overwhelmingly spring from facts and circumstances taking place in that District.  Eight of Draper and Kramer's nine California offices are in the Central District. Beinborn Decl. ¶ 2.[2]  In fact, Vasquez lived and worked out of Draper and Kramer's Santa Barbara office, which is in the Central District. *Id.* ¶ 3.  Only *one* loan officer was designated to work from a location in the Northern District, and it was not Plaintiff. *Id.* ¶¶ 3 and 4.  Three loan officers were previously designated to work from a location in the Eastern District. *Id.* *Every* other Draper and Kramer California loan officer works or resides in the Central District of California. *Id.* ¶ 5.  Most, if not all, of the relevant Draper and Kramer witnesses who can attest to Vasquez's job duties and why Draper and Kramer properly classified him as an exempt employee, which is a central issue that will defeat most of his claims, are also located in the Central District. *Id.* ¶¶ 2, 5, 7.

In short, the Court should disregard Vasquez's choice of forum because only a very small percentage of the putative class members, including Vasquez himself, have any significant connection with the chosen forum. *See, e.g.*, *Yesford v. City of McFarland*, No. 11-10115, 2012 WL 762554, at *3 (C.D. Cal. Mar. 8, 2012) (granting motion to transfer from the Central District to the Eastern District of California where one of two plaintiffs and none of the defendants resided in the chosen forum); *Adachi v. Carlyle/Galaxy San Pedro L.P.*, 595 F.Supp.2d 1147, 1151-52 (S.D. Cal. 2009) (granting motion to transfer where only one of 239 prospective class members was a resident in the Southern District of California).

---

[2] During the relevant class period, Draper and Kramer previously maintained an office in Folsom, California but this location has since closed. *Id.* ¶ 4.

Defendant's Memorandum of Points and Authorities In Support of Its Motion to Transfer Venue

4

(No. 4:20-cv-06635-YGR)

2. <u>The Central District of California is More Convenient for the Parties</u>

When considering the convenience of the parties, the relevant starting point is the residence of the parties. Here, Vasquez and nearly the entire putative California class were working for Draper and Kramer in the Central District of California when their alleged claims arose. *See* Beinborn Decl. Decl. ¶ 5. For this reason, transfer is likely to make litigation more convenient for *Vasquez and the California putative class*, as it would involve less travel for them to attend depositions and the trial, instead of having to travel to Northern California. Transferring the case to the Central District of California would reduce travel time and costs, and would not impose any inconvenience on Vasquez or the vast majority of the California putative class.

The Central District of California would also be more convenient for Draper and Kramer. Eight out of the company's nine California branches are located in the Central District. Beinborn Decl. ¶ 2. Draper and Kramer's managers who can serve as a designated corporate witness for its California locations reside in the Central District of California. *Id.* ¶ 7.

In short, the convenience of the parties favors transfer to the Central District of California.

3. <u>The Central District of California More Convenient For The Witnesses</u>

The relative convenience of witnesses, particularly non-party witnesses, is often recognized as "the most important factor" to be considered in ruling on a motion to transfer venue under Section 1404(a). *Clark*, 2010 WL 5173872, at *3. In evaluating the convenience of the witnesses, the court "must consider not simply how many witnesses each side has and the location of each, but . . . the importance of the witnesses." *Id.*

Vasquez's claims, for the most part, derive from his erroneous allegation that Draper and Kramer's loan officers are not exempt from: (1) overtime under the FLSA and state law; and (2) meal and rest period requirements under state law. *See* Compl. ¶ 9. Testimony from Vasquez's managers is particularly important because determining the application of federal and state wage and hour exemptions, in particular the outside sales exemption, requires a fact intensive inquiry into the work actually performed by the employee. *Trinh v. JP Morgan Chase & Co.*, No. 07-CV-1666 W(WMC), 2008 WL 1860161, at *5 (S.D. Cal Apr. 22, 2008) ("determining whether employees are 'exempt' from FLSA overtime requirements involves a highly individualized inquiry into the job

MCDERMOTT WILL & EMERY LLP

1 duties and compensation of each employee."); *Mies v. Sephora U.S.A., Inc.*, 234 Cal.App.4th 967,
2 978 (2015) (Determining whether an individual was properly classified as exempt is a fact-intensive
3 inquiry that requires courts to consider not only "factors related to the job" but also "upon what an
4 employee actually does on the job").

5 Here, the witnesses who will be of central importance for the resolution of Vasquez's
6 individual claims and whether he even has standing to assert many of the claims alleged are senior
7 management employees from Draper and Kramer's offices located in the Central District, including
8 senior management from Vazquez's designated home office located in Santa Barbara. Beinborn
9 Decl. ¶¶ 3 and 7. These witnesses are directly familiar with the work Vasquez and other Draper and
10 Kramer loan officers did "on the job" in California, and will therefore be the crucial witnesses
11 regarding Vasquez's claim that Draper and Kramer loan officers were misclassified as exempt
12 employees under federal and state law. This same issue will arise for a majority of the putative class
13 members in the unlikely event the Court certifies Vasquez's Labor Code claims because they too had
14 designated home offices in counties within the Central District's jurisdiction. *Id.* ¶¶ 2, 5.

15 Furthermore, Vasquez and California putative class members will likely testify themselves in
16 this case and may choose to call their colleagues and non-exempt Draper and Kramer employees,
17 clients and other individuals with knowledge of the "work actually performed" by Draper and
18 Kramer loan officers in California. Given that a majority of Draper and Kramer's California offices
19 are located in the Central District of California, it is likely that at least an equivalent percentage of
20 possible third party customer witnesses also reside there and would have to travel long distances for
21 at least trial if the Court abstains from transferring this Action. *See id.* ¶ 2.

22 Accordingly, transfer is appropriate because the vast majority of key witnesses in this case
23 reside and work in the Central District and would otherwise be required to travel long distances for
24 trial if this case remains in this District.

25     4. <u>The Interests of Justice Weigh In Favor Of Transfer</u>

26 While both the Northern and Central Districts of California are equally well acquainted with
27 the federal and state laws governing Vasquez's claims, the Central District retains a stronger interest
28 in adjudicating the controversy. *See Clark*, 2010 WL 5173872, at *5 ("[w]hile the law applied is the

Defendant's Memorandum of Points and Authorities In Support of Its Motion to Transfer Venue     6     (No. 4:20-cv-06635-YGR)

same in either district, the event giving rise to plaintiff's claims took place in the Central District. Thus, [] the Central District's local interest in the controversy . . . remains stronger because the events at issue took place there.").

Finally, neither Vasquez nor any member of the purported California class will be prejudiced by if this matter is transferred to the Central District of California. This matter is in its nascent stages, no party has propounded any written discovery, and there is no other issue currently pending before the Court. A transfer will not cause any undue delay in the proceedings nor any increase in or duplication of the expenses of the litigation. In fact, transfer will likely reduce Vasquez's expenses because him and all the relevant witnesses and evidence are located in the Central District of California. Accordingly, the interests of justice dictate that this matter be litigated in the Central District of California. *Paaluhi*, 2006 WL 5671235, at * 3 (holding the "interests of justice" are best served by transfer to the district "provid[ing] the most convenient and efficient forum" for the matter)

### III. CONCLUSION

For the foregoing reasons, Draper and Kramer respectfully requests that the Court grant its motion and transfer this action to the Central District of California.

Dated: December 8, 2020

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

By: /s/ Christopher A. Braham
Christopher A. Braham
Attorneys for Defendant
DRAPER AND KRAMER MORTGAGE CORP.

Defendant's Memorandum of Points and Authorities In Support of Its Motion to Transfer Venue

7

(No. 4:20-cv-06635-YGR)