RONALD J. HOLLAND (SBN 148687)
rjholland@mwe.com
CHRISTOPHER A. BRAHAM (SBN 293367)
cbraham@mwe.com
PHILIP SHECTER (SBN 300661)
pshecter@mwe.com
SANIYA AHMED (SBN 315535)
sahmed@mwe.com
**MCDERMOTT WILL & EMERY LLP**
415 Mission St Suite 5600
San Francisco, CA 94105-2533
Telephone:  +1 628 218 3800
Facsimile:   +1 628 877 0107

Attorneys for Defendant
DRAPER AND KRAMER MORTGAGE
CORP.

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VASQUEZ, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DRAPER AND KRAMER MORTGAGE CORP.,<br><br>Defendant. | Case No. 2:21-cv-00693-AB-AS<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>CLASS ACTION<br><br>Complaint filed: September 22, 2020<br>FAC filed: June 3, 2021 |

Defendant DRAPER AND KRAMER MORTGAGE CORP. ("Defendant") hereby answers the First Amended Collective and Class Action Complaint ("FAC") of Plaintiff JOSE VASQUEZ ("Plaintiff"), on information and belief as follows:

### INTRODUCTION

1.   This paragraph contains a statement to which no answer is required.

2.   This paragraph contains a statement to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent and denies that any class or collective action is appropriate.

3.     The first sentence of this paragraph contains a statement to which no answer is required. To the extent an answer to the first sentence of this paragraph is required, Defendant denies that any class or collective action is appropriate. Defendant admits that a mortgage loan officer's job responsibilities may include, but are not limited to, communicating with loan applicants, potential loan applicants, underwriting and other staff; performing research; and meeting with clients. Defendant denies that these are a mortgage loan officer's only job responsibilities, or that such responsibilities are done exclusively or predominantly in the employer's office.

4.     This paragraph contains statements to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent and denies that any class or collective action is appropriate.

5.     Defendant denies that it employs loan officers in 54 offices in 22 states. Defendant admits the remaining allegations contained in this paragraph.

6.     Defendant denies that Plaintiff and the individuals he seeks to represent were all compensated pursuant to an identical "Full Time Loan Officer Sales Compensation Agreement." Because this paragraph is vague and ambiguous as to which employment agreement it refers, Defendant lacks sufficient information or belief to enable it to answer the remaining allegations contained in this paragraph.

7.     On information and belief, Defendant denies the allegations in this paragraph.

8.     Defendant denies the allegations in the first and second sentences of this paragraph. Defendant lacks sufficient information or belief to enable it to answer the remaining allegations contained in this paragraph.

9.     This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent and denies that any class or collective action is appropriate.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

10.     This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent and denies that any class or collective action is appropriate.

11.     Because this paragraph is vague and ambiguous as to which employment agreement it refers, Defendant lacks sufficient information or belief to enable it to answer the remaining allegations contained in this paragraph.

12.     This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent and denies that any class or collective action is appropriate.

13.     Because this paragraph is vague and ambiguous as to which employment agreement it refers, Defendant lacks sufficient information or belief to enable it to answer the remaining allegations contained in this paragraph.

14.     This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent and denies that any class or collective action is appropriate.

15.     This paragraph contains a statement to which no answer is required.

16.     Defendant denies the allegations contained in this paragraph.

17.     This paragraph contains statements to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent and denies that any class or collective action is appropriate.

18.     This paragraph contains statements to which no answer is required. To the extent an answer is required, Defendant denies engaging in any of the unlawful acts referenced within this paragraph.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

19.     This paragraph contains statements of law to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent and denies that any class or collective action is.

20.     Defendant denies the allegations contained in this paragraph.

21.     This paragraph contains statements to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent and denies that any class or collective action is appropriate.

22.     Defendant denies the allegations contained in this paragraph.

23.     Defendant denies the allegations contained in the first sentence of this paragraph. The second sentence of this paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent and denies that any class or collective action is appropriate.

24.     This paragraph contains statements to which no answer is required. To the extent an answer is required, Defendant denies engaging in unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent and denies that any class or collective action is appropriate.

25.     The first and third sentences of this paragraph contains statements to which no answer is required. The second sentence of this paragraph contains a conclusory statements of law to which no answer is required.

26.     This paragraph contains a statement to which no answer is required.

## **JURISDICTION AND VENUE**

27.     The first sentence of this paragraph contains conclusory statements of law to which no answer is required. Whether jurisdiction is proper in the U.S. District Court

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

for the Northern District of California is a legally conclusory statement for which no answer is required.

28.     Whether venue is proper in the Northern District of California is a legally conclusory statement for which no answer is required. Defendant denies engaging in any unlawful acts referenced within this paragraph, as to Plaintiff and/or the individuals he seeks to represent and denies that any class or collective action is appropriate.

## THE PARTIES

29.     Defendant admits that Defendant employed Plaintiff Jose Vasquez as a mortgage loan officer from September 4, 2018 to July 23, 2020.

30.     This paragraph contains statements of law to which no answer is required.

31.     Defendant denies that it was founded in 1997. Defendant denies that it operates in twenty-two states. Defendant admits the remaining allegations contained in this paragraph.

32.     Defendant admits doing business in the State of California including in this judicial district, but denies having a place of business or employing putative collective or class members in this judicial district at all relevant times alleged in the FAC. The second and third sentences of this paragraph contain conclusory statements of law to which no answer is required.

33.     Defendant denies the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

34.     Defendant admits that it currently employs more than 100 mortgage loan officers as full-time employees. Defendant admits that its mortgage loan officers are generally responsible for generating their own business and managing their pipeline of loans from beginning to closing.

35.     Defendant admits that a mortgage loan officer's job responsibilities may include, but are not limited to, communicating with loan applicants, potential loan applicants, underwriting and other staff; performing research; and meeting with

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

clients. Defendant denies that these are a mortgage loan officer's only job responsibilities. Defendant denies the allegations contained in the second and third sentences of this paragraph.

36.     Defendant admits that Plaintiff's terms and conditions of employment were set forth in a written agreement. Defendant denies that all of its mortgage loan officers were required to execute an employment agreement identical to the one(s) executed by Plaintiff.

37.     Because this paragraph is vague and ambiguous as to which employment agreement it refers, Defendant lacks sufficient information or belief to enable it to answer the remaining allegations contained in this paragraph.

38.     Because this paragraph is vague and ambiguous as to which employment agreement it refers, Defendant lacks sufficient information or belief to enable it to answer the remaining allegations contained in this paragraph.

39.     Because this paragraph is vague and ambiguous as to which individuals it refers, Defendant lacks sufficient information or belief to enable it to answer the remaining allegations contained in this paragraph.

40.     This paragraph contains a statement of law to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent.

41.     Defendant admits that, during the period of time covered by the FAC, Defendant's compensation plans for mortgage loan officers were contained in their respective compensation agreements with Defendant. Defendant denies the allegations contained in the second sentence of this paragraph.

42.     Because this paragraph is vague and ambiguous as to which employment agreement it refers, Defendant lacks sufficient information or belief to enable it to answer the remaining allegations contained in this paragraph.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

43.     This paragraph contains conclusory statements to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent.

44.     Because this paragraph is vague and ambiguous as to which employment agreement it refers, Defendant lacks sufficient information or belief to enable it to answer the remaining allegations contained in this paragraph.

45.     This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent.

46.     This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies it was required by law to track or maintain records of Plaintiff's hours worked or the hours worked by the individuals Plaintiff seeks to represent. Defendant further denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent.

47.     Defendant admits that Plaintiff's compensation included commissions, and did not include hourly wages or a salary. Because the third sentence of his paragraph is vague and ambiguous as to which employment agreement it refers, Defendant lacks sufficient information or belief to enable it to answer the remaining allegations contained in this paragraph.

48.     Because the first sentence of this paragraph is vague and ambiguous as to which employment agreement referenced in Paragraph 47 it refers, Defendant lacks sufficient information or belief to enable it to answer the remaining allegations contained in this paragraph. Defendant denies the allegations contained in the second and third sentences of this paragraph. The fourth sentence of this paragraph contains

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

statements to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in the fourth sentence of this paragraph.

49.     Defendant denies that Plaintiff's compensation scheme consisted solely of commissions. Defendant admits that Plaintiff was not compensated for any time spent performing non-sales related activities, but denies that Plaintiff was entitled to such compensation under the FLSA or California law. Defendant admits that Plaintiff was not paid separately by Defendant for rest breaks, but denies that Plaintiff was entitled to such compensation under the FLSA or California law. The last sentence of this paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph.

50.     Defendant denies the allegations contained in the first sentence of this paragraph. The remaining allegations in this paragraph contain conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent. Defendant further denies that Plaintiff and/or the individuals he seeks to represent were entitled to meal periods under California law.

51.     Defendant denies the allegations contained in this paragraph.

52.     Defendant admits the allegation contained in the first sentence of this paragraph. The second sentence of this paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph.

53.     Defendant admits that, on July 31, 2020, Plaintiff emailed Defendant's Human Resources Manager Karla Beinborn, stating that he "didn't receive to auto deposit today for my commissions on loans I funded from 7/1 to 7/15 this month." Defendant denies all the remaining allegations in this paragraph.

54.     Defendant admits the allegations contained in this paragraph.

55.     Defendant admits that, since Plaintiff's separation from Defendant, Defendant has not provided Plaintiff a status update on any loans that he worked on prior to his termination. Defendant admits that, since Plaintiff's separation from Defendant, and as of the filing of this Answer, Defendant has not made any payments to Plaintiff. Defendant denies the remaining allegations contained in this paragraph.

56.     Defendant denies the allegations contained in this paragraph.

57.     Defendant admits that Plaintiff was subject to Defendant's policies and practices consistent with the terms and conditions of his employment, during his employ with Defendant. Defendant denies the remaining allegations in this paragraph.

58.     This paragraph contains statements to which no answer is required. To the extent an answer is required, Defendant denies engaging in any of the unlawful acts referenced within this paragraph.

59.     Defendant denies the allegations contained in this paragraph.

60.     This paragraph contains conclusory statements of law to which no answer is required.

61.     The first sentence of this paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies any unlawful acts alleged in the first sentence of this paragraph as to Plaintiff and/or individuals he seeks to represent. Defendant admits the allegation contained in the second sentence of this paragraph.

62.     Defendant denies the allegations contained in this paragraph.

63.     Defendant denies the allegations contained in this paragraph.

64.     This paragraph contains a conclusory statement to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph.

65.     This paragraph contains a conclusory statement to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph.

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

66.     This paragraph contains a conclusory statement to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph.

67.     This paragraph contains conclusory statements to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph.

## **COLLECTIVE ALLEGATIONS UNDER THE FLSA**

68.     This paragraph contains a statement to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent and denies that any class or collective action is appropriate.

69.     This paragraph contains a statement to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent and denies that any class or collective action is appropriate, and denies that the proposed members of the collective are similarly situated.

70.     This paragraph contains a statement to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent and denies that any collective action is appropriate, and denies that the proposed members of the collective are similarly situated.

71.     Defendant denies the allegations contained in this paragraph.

72.     This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies this case is appropriate for collective or class treatment, or that Plaintiff is an appropriate representative of the alleged collective, or that Plaintiff is acting on behalf of the interests of the individuals who he seeks to represent.

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

73.     This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies that Plaintiff can fairly and adequately represent and protect the interests of the members of the collective, and denies that this case is appropriate for collective or class. Defendant lacks sufficient information or belief to enable it to answer the allegations in the second sentence of this paragraph.

74.     This paragraph contains statements of law to which no answer is required. To the extent an answer is required, Defendant denies that it engaged in any unlawful acts as to Plaintiff and/or the individuals he seeks to represent, denies that any collective or class action is appropriate, and denies that the proposed members of the collective are similarly situated.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23

75.     This paragraph contains a statement to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent and denies that any class or collective action is appropriate.

76.     This paragraph contains a statement to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent and denies that any class or collective action is appropriate.

77.     This paragraph contains a statement to which no answer is required.

78.     This paragraph contains a statement to which no answer is required.

79.     This paragraph and subparagraphs contains statements to which no answer is required. To the extent an answer is required, Defendant denies that the total number of putative class members or members of the putative subclass exceed one hundred individuals, and therefore denies that joinder of all putative class members is impractical; denies that there are questions of law and fact common to the class Plaintiff seeks to represent; denies that Plaintiff's claims are typical of the putative

McDermott Will & Emery LLP
ATTORNEYS AT LAW
SAN FRANCISCO

class members he seeks to represent; denies that Plaintiff can fairly and adequately represent and protect the interest of the putative class members he seeks to represent; and denies that a class action is superior to other available means for fairly and efficiently adjudicating Plaintiff's claims against Defendant. Defendant further denies that it engaged in any unlawful conduct as to Plaintiff and/or the individuals he seeks to represent.

### FIRST CAUSE OF ACTION
**Violation of the Fair Labor Standards Act**
**29 U.S.C. § 201, *et. seq.***
**(By Plaintiff and the Collective against Defendant)**

80.     Defendant repeats and re-alleges all of the preceding paragraphs in this Answer as if fully set forth in this section, but denies that it is liable to Defendant under any theory of law for any amount sought.

81.     This paragraph contains a statement of law to which no answer is required.

82.     This paragraph contains a conclusory statement of law to which no answer is required.

83.     This paragraph contains a conclusory statement of law to which no answer is required. To the extent an answer is required, Defendant admits that it is an "employer" within the meaning of the FLSA with respect to its employees.

84.     Defendant denies the allegations contained in this paragraph.

85.     Defendant denies the allegations contained in this paragraph.

86.     Defendant denies the allegations contained in the first sentence of this paragraph. The second sentence of this paragraph contains a conclusory statement of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in the second sentence of this paragraph.

87.     This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

88.     This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph.

89.     This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph.

90.     This paragraph contains a statement to which no answer is required.

**SECOND CAUSE OF ACTION**
**Failure to Pay Wages on Termination**
**California Labor Code § 203**
**(By Plaintiff and the California Former Employee Subclass against Defendant)**

91.     Defendant repeats and re-alleges all of the preceding paragraphs in this Answer as if fully set forth in this section, but denies that it is liable to Defendant under any theory of law for any amount sought.

92.     This paragraph contains statements of law to which no answer is required.

93.     This paragraph contains statements of law to which no answer is required.

94.     Defendant admits that the putative class members, as defined in the FAC, were employed by Defendant during the putative class period, but denies that each of those individuals' employment with Defendant was terminated during the class period.

95.     Defendant denies the allegations contained in this paragraph.

96.     This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph.

97.     This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant admits that Plaintiff and the individuals that he seeks to represent were paid a commission but denies that Plaintiff was entitled to separate compensation for paid rest breaks under California law.

98.     Defendant admits that more than thirty days have elapsed since certain putative class members were terminated from Defendant's employ.

99.     This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph.

100.    This paragraph contains a statement to which no answer is required.

### THIRD CAUSE OF ACTION
### Failure to Pay All Wages Owed
### California Labor Code §§ 510, 1194
### (By Plaintiff and the California Class against Defendant)

101.    Defendant repeats and re-alleges all of the preceding paragraphs in this Answer as if fully set forth in this section, but denies that it is liable to Defendant under any theory of law for any amount sought.

102.    This paragraph contains statements of law to which no answer is required.

103.    This paragraph contains statements of law to which no answer is required.

104.    This paragraph contains statements of law to which no answer is required.

105.    This paragraph contains statements of law to which no answer is required.

106.    Defendant denies the allegations contained in this paragraph.

107.    Defendant denies the allegations contained in this paragraph.

108.    This paragraph contains statements of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph.

109.    Defendant admits that the putative subclass members, as defined in the FAC, were employed by Defendant during the putative class period, and their employment with Defendant were terminated during the class period.

110.    This paragraph contains a conclusory statement of law to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent.

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

111.   This paragraph contains a conclusory statement of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph.

112.   This paragraph contains a statement to which no answer is required.

**<u>FOURTH CAUSE OF ACTION</u>**
**Failure to Authorize and Permit Rest Periods or Pay Wages for Missed Rest Periods**
**California Labor Code § 226.7**
**(By Plaintiff and the California Class against Defendant)**

113.   Defendant repeats and re-alleges all of the preceding paragraphs in this Answer as if fully set forth in this section, but denies that it is liable to Defendant under any theory of law for any amount sought.

114.   Defendant denies the allegations contained in the first sentence of this paragraph. The second sentence of this paragraph contains a statement to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in the second sentence of this paragraph.

115.   This paragraph contains statements of law to which no answer is required.

116.   This paragraph contains statements of law to which no answer is required. To the extent an answer is required, Defendant denies that Plaintiff and/or the individuals he seeks to represent were entitled to compensation for rest periods under California law.

117.   This paragraph contains statements of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph. Defendant further denies that Plaintiff and/or the individuals he seeks to represent were entitled to rest periods under California law.

118.   This paragraph contains a statement to which no answer is required.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

## FIFTH CAUSE OF ACTION
**Failure to Provide Meal Periods or Pay Wages for Missed Meal Periods**
**California Labor Code §§ 226.7, 512**
**(By Plaintiff and the California Class against Defendant)**

119.  Defendant repeats and re-alleges all of the preceding paragraphs in this Answer as if fully set forth in this section, but denies that it is liable to Defendant under any theory of law for any amount sought.

120.  This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies that Plaintiff and/or the individuals he seeks to represent were entitled to meal periods under California law.

121.  This paragraph contains statements of law to which no answer is required.

122.  This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph. Defendant further denies that Plaintiff and/or the individuals he seeks to represent were entitled to meal periods under California law.

123.  This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph. Defendant further denies that Plaintiff and/or the individuals he seeks to represent were entitled to meal periods under California law.

## SIXTH CAUSE OF ACTION
**Failure to Reimburse Business Expenses**
**California Labor Code § 2802**
**(By Plaintiff and the California Class against Defendant)**

124.  Defendant repeats and re-alleges all of the preceding paragraphs in this Answer as if fully set forth in this section, but denies that it is liable to Defendant under any theory of law for any amount sought.

125.  This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies engaging in any

unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent.

126. This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent.

127. This paragraph contains a statement to which no answer is required.

## SEVENTH CAUSE OF ACTION
### Unfair Business Practices Under the Unfair Competition Law
### California Business & Professions Code §§ 17200-17208
### (By Plaintiff and the California Class against Defendant)

128. Defendant repeats and re-alleges all of the preceding paragraphs in this Answer as if fully set forth in this section, but denies that it is liable to Defendant under any theory of law for any amount sought.

129. This paragraph contains a statement of law to which no answer is required.

130. This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent.

131. This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent.

132. This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

133.   This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies engaging in any unlawful acts alleged in this paragraph as to Plaintiff and/or the individuals he seeks to represent.

134.   This paragraph contains conclusory statements of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph.

**EIGHTH CAUSE OF ACTION**
**Penalties pursuant to § 2699(a) of Private Attorney General Act (PAGA)**
**(California Labor Code § 2698, *et seq.*)**
**(By Plaintiff against Defendant)**

135.   Defendant repeats and re-alleges all of the preceding paragraphs in this Answer as if fully set forth in this section, but denies that it is liable to Plaintiff or any alleged aggrieved employee Plaintiff seeks to represent under any theory of law for any amount sought.

136.   This paragraph contains a statement to which no answer is required.

137.   Defendant lacks sufficient information or belief to enable it to answer the allegations in the first sentence of this paragraph. The second sentence contains a conclusory statement of law to which no answer is required. To the extent an answer to the second sentence is required, Defendant lacks sufficient information or belief to enable it to answer the allegations in the second sentence of this paragraph.

138.   Defendant denies the allegations contained in this paragraph.

139.   This paragraph contains statement to which no answer is required.

140.   Defendant denies that it engaged in any "failure . . . to timely pay all wages owed to Plaintiff and each putative Class member" as alleged in the first sentence of this paragraph. The remainder of this paragraph contains statements to which no answer is required.

141.   Because it is unclear to whom the term "ITG" refers, Defendant is unable to answer the allegations in the first sentence of this paragraph. To the extent Plaintiff

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

intends for the term "ITG" to refer to Defendant, Defendant denies that it engaged in any "failure . . . to provide Plaintiff and each class member an accurate, itemized wage statement" as alleged in the first sentence of this paragraph. The remainder of this paragraph contains statements to which no answer is required.

142. Defendant denies that it engaged in an "failure . . . to provide Plaintiff and each Class member compliant meal and rest periods" as alleged in this paragraph.

143. Defendant denies that there has been a "violation of Labor Code § 510 . . . as well as any provision regulating hours and day of work in any order of the IWC" as alleged in this paragraph. The remaining of this paragraph contains a statement to which no answer is required.

144. This paragraph contains a statement to which no answer is required.

145. This paragraph contains a statement to which no answer is required.

### NINTH CAUSE OF ACTION
**Penalties pursuant to § 2699(f) of Private Attorney General Act (PAGA)**
**(California Labor Code § 2698, *et seq*.)**
**(By Plaintiff against Defendant)**

146. Defendant repeats and re-alleges all of the preceding paragraphs in this Answer as if fully set forth in this section, but denies that it is liable to Plaintiff or any alleged aggrieved employee Plaintiff seeks to represent under any theory of law for any amount sought.

147. Defendant denies that Plaintiff is an aggrieved employee. The remainder of this paragraph contains statements to which no answer is required.

148. This paragraph contains a statement of law to which no answer is required.

149. Defendant denies engaging in any unlawful actions as alleged in this paragraph. Defendant denies Plaintiff or the individuals he seeks to represent were aggrieved. The remainder of this paragraph contains statements to which no answer is required.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

150.   Defendant lacks sufficient information or belief to enable it to answer the allegations in the first sentence of this paragraph. The second sentence in this paragraph contains a conclusory statement of law to which no answer is required. To the extent an answer to the second sentence is required, Defendant lacks sufficient information or belief to enable it to answer the allegations in the second sentence of this paragraph.

151.   This paragraph contains a statement to which no answer is required. To the extent an answer is required, Defendant denies Plaintiff and the individuals he seeks to represent are aggrieved employees.

152.   This paragraph contains a statement to which no answer is required.

## PRAYER FOR RELIEF

The Prayer for Relief and its paragraphs 1 through 14 contain statements to which no answer is required. To the extent an answer is required, Defendant denies any liability to Plaintiff or any individuals Plaintiff seeks to represent; denies that Plaintiff or any individuals Plaintiff seeks to represent are entitled to any relief whatsoever; denies that Plaintiff's claims are appropriate for collective or class treatment; denies that declaratory, injunctive, or other equitable relief is appropriate; denies that liquidated or other special damages are appropriate; denies that civil penalties under the Labor Code are appropriate; denies that Plaintiff or any individuals Plaintiff seeks to represent are entitled to recover any attorneys' fees; and therefore demands judgment in Defendant's favor on all causes of action.

## JURY DEMAND

This paragraph contains statements to which no answer is required. To the extent an answer is required, Defendant denies that Plaintiff is entitled to a jury trial.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's FAC, Defendant alleges the following affirmative defenses. In asserting these defenses, Defendant does not assume the

burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. Without waiving or excusing the burden of proof, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.     The FAC and the purported causes of action alleged therein fail to state facts sufficient to constitute claims upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (No Personal Jurisdiction Over Out-of-State Claimants)

2.     The FAC and the scope of the FLSA collective action alleged therein must be narrowed in geographic scope because this Court, which only has specific jurisdiction over Defendant, cannot assert personal jurisdiction over any dispute between Defendant and any out-of-state claimant to whom Plaintiff seeks to bring into this collective action. *See Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1781-83 (2017).

### THIRD AFFIRMATIVE DEFENSE

#### (Lack of Standing)

3.     Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff lacks standing to assert each cause of action alleged in the FAC and lacks standing to represent the putative collective/class.

### FOURTH AFFIRMATIVE DEFENSE

#### (Waiver)

4.     Defendant is informed and believes, and based upon such information and belief alleges, that by their conduct, Plaintiff and/or the putative collective/class members have waived any right to recover any relief by Plaintiff's FAC, or any purported cause of action alleged therein.

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

**FIFTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies Under California Law)

5.      Defendant is informed and believes, and based upon such information and belief, alleges, that the FAC and the purported causes of action alleged therein are barred, in whole or in part, because Plaintiff and/or members of the putative class failed to timely and completely exhaust their administrative remedies available to them under the California Labor Code or other applicable provisions of law or contract prior to commencement of this action.

**SIXTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

6.      To the extent Plaintiff and/or members of the putative class seek to recover for conduct that occurred outside the applicable limitations periods, their claims are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 335.1, 337, 338, 339, 340, and 343, California Business and Professions Code section 17208, and 29 U.S. Code section 255. The three-year statutory limitations period in 29 U.S.C. § 255(a) is not applicable because any violation of the FLSA, which Defendants do not admit occurred, was not willful. Plaintiff's claims are limited by the applicable two-year statutory limitations period.

**SEVENTH AFFIRMATIVE DEFENSE**

(Consent)

7.      Defendant is informed and believes, and based upon such information and belief alleges, that the FAC and the purported causes of action alleged therein are barred, in whole or in part, because Plaintiff and/or the putative collective/class members consented to the conduct about which they now complain.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**EIGHTH AFFIRMATIVE DEFENSE**

(Laches)

8.      Defendant is informed and believes, and based upon such information and belief alleges, that the FAC and the purported causes of action alleged therein are barred by the doctrine of laches, in that Plaintiff unreasonably delayed in bringing the action by not acting within a reasonable time in seeking the wages and/or penalties at issue, or otherwise reporting any alleged violation of wage and hour laws, and unreasonably delayed in the filing of this lawsuit, causing Defendant to suffer prejudice.

**NINTH AFFIRMATIVE DEFENSE**

(Estoppel)

9.      Defendant is informed and believes that a reasonable opportunity to investigate and discover will reveal, and on that basis allege, the FAC and the purported causes of action alleged therein are barred by the doctrine of estoppel.

**TENTH AFFIRMATIVE DEFENSE**

(Duties Owed to Defendants)

10.      Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's claims, as well as those of members of the putative class, are barred by their own breach of duties owed to Defendants under Labor Code sections 2854, 2856, 2857, 2858 and/or 2859.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Unknown Conduct)

11.      Defendant alleges that the FAC and the purported causes of action alleged therein cannot be maintained against Defendants because if Defendants' employees (including Plaintiff and/or members of the putative collective/class) took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Defendants, and/or Defendants did not know of nor should have known of such conduct.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

## TWELFTH AFFIRMATIVE DEFENSE

### (No Failure to Pay Overtime)

12.     Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff and/or members of the putative collective/class were not entitled to overtime wages and/or premium pay.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (FLSA – Exemption for Outside Sales Employees)

13.     Defendant is informed and believes, and based upon such information and belief alleges, that the FAC, and each purported cause of action contained therein, is barred because Plaintiff and members of the putative collective were at all relevant times exempt from the FLSA's minimum wage and overtime standards under the outside sales employee exemption. 29 U.S.C. § 213(a)(1).

## FOURTEENTH AFFIRMATIVE DEFENSE

### (FLSA – Exemption for Administrative Employees)

14.     Defendant is informed and believes, and based upon such information and belief alleges, that the FAC, and each purported cause of action contained therein, is barred because Plaintiff and members of the putative collective were at all relevant times exempt from the FLSA's minimum wage and overtime standards under the exemption for administrative employees. 29 U.S.C. § 213(a)(1).

## FIFTEENTH AFFIRMATIVE DEFENSE

### (FLSA – Exemption for Executive Employees)

15.     Defendant is informed and believes, and based upon such information and belief alleges, that the FAC, and each purported cause of action contained therein, is barred because Plaintiff and members of the putative collective were at all relevant times exempt from the FLSA's minimum wage and overtime standards under the exemption for executive employees. 29 U.S.C. § 213(a)(1).

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

### (FLSA – Exemption for Highly Compensated Employees)

16.   Defendant is informed and believes, and based upon such information and belief alleges, that the FAC, and each purported cause of action contained therein, is barred because Plaintiff and members of the putative collective were at all relevant times exempt from the FLSA's minimum wage and overtime standards under the exemption for highly compensated employees. 29 U.S.C. § 213(a)(1).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Set-Off/Offset/Recoupment)

17.   Defendant is informed and believes, and based upon such information and belief alleges, that the FAC and the purported causes of action alleged therein are subject to setoff, offset and/or recoupment to the extent Plaintiff and/or members of the putative collective/class have already been compensated for the hours worked for which they seek to recompense here.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

18.   Defendant is informed and believes, and based upon such information and belief alleges, that a bona fide dispute exists as to whether any further compensation is actually due to Plaintiff and/or members of the putative collective/class and, if so, the amount thereof.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Labor Code § 226 – Substantial Compliance)

19.   Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff and members of the putative class are not entitled to recover any damages or penalties because Defendants substantially complied with Labor Code section 226(a).

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

## TWENTIETH AFFIRMATIVE DEFENSE

### (Labor Code § 226 – No Knowing and Intentional Failure)

20.    Defendant alleges that, even assuming *arguendo* Plaintiff and/or members of the putative class were not provided with proper itemized statements of wages and deductions, Plaintiff and/or members of the putative class are not entitled to recover damages or penalties because Defendants' alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure."

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Labor Code § 226 – Clerical Error/Inadvertent Mistake)

21.    Defendant alleges that, even assuming *arguendo* Plaintiff and/or members of the putative class were not provided with proper itemized statements of wages and deductions, Plaintiff and/or members of the putative class should not recover damages or penalties because Defendants' alleged failure to comply with California Labor Code section 226(a) was the result of clerical error or inadvertent mistake.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

22.    Defendant is informed and believes, and based upon such information and belief alleges, that the FAC and the purported cause of action alleged therein are barred, or any recovery should be reduced, pursuant to the avoidable consequences doctrine because Defendant took reasonable steps to prevent and correct any improper wage payments; Plaintiff and/or members of the putative collective/class unreasonably failed to use any preventative and corrective opportunities provided to them by Defendant; and reasonable use of Defendant's procedures could have prevented some, if not all, of the harm that Plaintiff and/or members of the putative collective/class allegedly suffered.

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(No Penalties – Good Faith Dispute)

23.     Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that any violation of the California Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith; Defendants had reasonable grounds for believing that their wage payment practices complied with applicable laws; and that any such act or omission was not a violation of the California Labor Code or any Order of the Industrial Welfare Commission such that Plaintiff and/or members of the putative class are not entitled to any penalties or damages in excess of any wages which might be found to be due. Specifically, Plaintiff and/or members of the putative collective/class cannot recover California Labor Code section 226(e) civil penalties because any alleged failure to pay wages or provide compliant wage statements was based on a good faith dispute regarding the applicable law or fact.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Labor Code § 203 - No Willful or Intentional Violation)

24.     Defendant is informed and believes, and based upon such information and belief alleges, that, even if Plaintiff and/or members of the putative collective/class are entitled to any additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and/or members of the putative class within the meaning and scope of California Labor Code section 203.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Res Judicata, Bar and Merger, Settlement/Release)

25.     Defendant is informed and believes, and based upon such information and belief alleges, that the FAC and the purported causes of action alleged therein are subject to settlement/release agreements, which constitute a complete or partial bar to the present action, and/or the doctrine of res judicata.

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Collateral Estoppel)

26.     Defendant is informed and believes, and based upon such information and belief alleges, that the FAC and the purported causes of action alleged therein are barred, in whole or in part, by the doctrine of collateral estoppel.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Failure to State a Claim for Attorneys' Fees and Costs)

27.     Defendant alleges that the FAC fails to state a claim for attorneys' fees under California Labor Code section 1194, California Civil Code section 1021.5, California Business and Professions Code section 17200 et seq., or on any other basis.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Internal Remedies)

28.     Defendant alleges that the FAC and the purported causes of action alleged therein are barred to the extent Plaintiff and/or members of the putative class failed to exhaust internal remedies and/or grievance procedures.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Business & Professions Code § 17200 et seq. – Practices Not Unfair, Unlawful, Deceptive or Fraudulent)

29.     Defendant alleges that Plaintiff's purported cause of action for unfair business practices under California Business and Professions Code section 17200 et seq. is barred and/or limited by law because any purported practice by Defendants was not unfair, unlawful, deceptive or fraudulent.

### THIRTIETH AFFIRMATIVE DEFENSE

(Business & Professions Code § 17200 et seq. – Defense Against "Borrowed" Law)

30.     Defendant alleges that Plaintiff's purported cause of action for unfair business practices under California Business and Professions Code section 17200 et seq. is barred and/or limited by law because Plaintiff fails to state sufficient facts to

constitute claims upon which relief can be granted against Defendant and from which Plaintiff's unlawful business practices claim "borrows."

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Business & Professions Code § 17200 et seq. – Defense Against "Borrowed" Law)

31.     Defendant alleges that Plaintiff's purported cause of action for unfair business practices under California Business and Professions Code section 17200 et seq. is barred and/or limited by law because Defendant has complied with the underlying laws for which Plaintiff's unlawful business practices claim seeks redress.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Business & Professions Code § 17200 et seq. – Failure to Allege Facts with Reasonable Particularity)

32.     Defendant alleges that Plaintiff's purported cause of action for unfair business practices under California Business and Professions Code section 17200 et seq. is barred and/or limited by law because Plaintiff has failed to state with reasonable particularity the facts supporting the statutory elements of the alleged violation.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Exemption/Exclusion from California Wage and Hour Laws)

33.     Defendant is informed and believes, and based upon such information and belief alleges, that the FAC and the purported causes of action alleged therein cannot be maintained against Defendant because Plaintiff and/or members of the putative class are exempt or excluded from applicable California wage and hour laws including any applicable Wage Orders, under an applicable exemption, including but not limited to the outside sales exemption and commissioned sales exemption.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(De Minimis)

34.     Defendant alleges that the FAC and the purported causes of action alleged therein cannot be maintained against Defendant because Defendant's acts or omissions, if any, and the alleged damages are de minimis.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (Adequate Remedy at Law)

35.     Defendant alleges that Plaintiff and/or members of the putative class or collective are not entitled to equitable relief, including but not limited to declaratory or injunctive relief, insofar as they have adequate remedies at law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### (Lack of Specificity)

36.     Defendants allege Plaintiff has failed to allege special damages with requisite specificity.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### (FLSA – No Liquidated Damages)

37.     Plaintiff's claims under the FLSA for liquidated damages (and those of any proposed collective action members) are barred by 29 U.S.C. § 260. Defendant acted in good faith and with reasonable grounds for believing that the calculation of overtime conformed with the FLSA or applicable laws.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Mitigation of Damages)

38.     Defendant is informed and believes, and on that basis alleges, that Plaintiff and/or members of the putative collective/class have failed to exercise reasonable care to mitigate their damages, if any were suffered, and that their right to recover against Defendant should be reduced or eliminated by such a failure.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

#### (FLSA - No Willful Violation)

39.     To the extent that Defendant is found to have violated the FLSA, which such violation Defendant denies, any such violation was not willful and does not warrant imposition of punitive, liquidated damages or other statutory penalties.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## FORTIETH AFFIRMATIVE DEFENSE

### (FLSA - Good-Faith Error)

40.     To the extent that Defendant is found to have violated the FLSA, which such violation Defendant denies, any such violation was the result of reasonable good-faith error and does not warrant imposition of liquidated damages or other penalties.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Irreparable Injury)

41.     Defendant alleges that Plaintiff and/or members of the putative class or collective are not entitled to injunctive relief, as Plaintiff and/or members of the putative class or collective have not suffered an irreparable injury.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Private Attorneys General Act – Excessive Fines)

42.     Defendant alleges that Plaintiff's claims and/or the alleged aggrieved employees' claims under PAGA are barred pursuant to the Eighth Amendment to the United States Constitution and Article I, Section 17 of the California Constitution to the extent the penalties under California Labor Code sections 2698 *et seq.* impose excessive fines, double penalties or penalties on penalties.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Private Attorneys General Act – Unconstitutionally Vague and Overbroad)

43.     Defendant alleges that the FAC is barred because California Labor Code section 2699 *et seq.* is unconstitutionally vague and overbroad as applied to the FAC and the circumstances of this case.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Private Attorneys General Act – Violation of Due Process)

44.     Defendant alleges that prosecution of a representative action on behalf of similarly situated employees under PAGA as applied to the FAC and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive

and procedural, in violation of the Fourteenth Amendment to the Constitution of the United States.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

#### (Private Attorneys General Act – Failure to Identify)

45. Defendant alleges that Plaintiff has failed to identify any other allegedly aggrieved employees as provided in PAGA, and such claims are thus barred and/or limited by law.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

#### (Private Attorneys General Act – Lack of Standing)

46. Defendant alleges that Plaintiff lacks standing to bring claims for any civil penalties on behalf of others because he is not an "aggrieved employee" as provided in PAGA.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Arbitration Agreements Bar Claims)

47. Defendant alleges that the FAC and the purported causes of action alleged therein are barred cannot be maintained against Defendant because some of the individuals Plaintiff seeks to represent have agreed to arbitrate any or all of the purported claims asserted in the FAC.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Primary Jurisdiction Doctrine)

48. The FAC and the purported causes of action alleged therein should be abated in the Court's discretion and Plaintiff should be ordered to pursue his administrative remedies with the California Division of Labor Standards Enforcement and/or Labor Workforce Development Agency, which have primary jurisdiction over these claims.

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

1

## **RESERVATION OF RIGHT TO AMEND ANSWER**

2

Defendant reserves the right to amend this Answer of this Court to assert any

3

additional affirmative defenses that may be uncovered or made known during the

4

pendency of this case.

5

## **PRAYER**

6

WHEREFORE, Defendant prays for judgment as follows:

7

1.      That the FAC be dismissed with prejudice in its entirety;

8

2.      That Plaintiff, and any individuals he seeks to represent, take nothing by

9

his FAC;

10

3.      That Defendant be awarded its cost of suit and reasonable attorneys' fees

11

according to proof to the extent provided by law; and

12

4.      That Defendant be awarded such other and further relief as the Court may

13

deem appropriate and proper.

14

15

Dated: June 24, 2021                    Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

16

17

18

By:   */S/ Ronald J. Holland*

RONALD J. HOLLAND

19

CHRISTOPHER A. BRAHAM

PHILIP SHECTER

20

SANIYA AHMED

Attorneys for Defendant

21

DRAPER AND KRAMER MORTGAGE

CORP.

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

## **PROOF OF SERVICE**

I, Karen D. Davis, declare under penalty of perjury that the foregoing was filed electronically and is available for viewing and downloading from the ECF system, and that it was served through the Court's ECF electronic notification system today to:

*Plaintiff's Counsel*

Timothy R. Rumberger, Esq.
LAW OFFICES OF TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
Email:  tim@rumberlaw.com

Kevin R. Allen, Esq.
ALLEN ATTORNEY GROUP
3172 Camino Colorados
Lafayette, California 94549
Email:
Kevin@allenattorneygroup.com

Executed on June 24, 2021, at San Francisco, California.

*/S/  Karen D. Davis*
Karen D. Davis

McDermott Will & Emery LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT