Timothy P. Rumberger, Esq., California State Bar #145984
**LAW OFFICES OF TIMOTHY P. RUMBERGER**
1339 Bay Street, Alameda, California 94501
Phone: (510)841-5500; Fax: (510)521-9700
e-mail: tim@rumbergerlaw.com

Kevin R. Allen, Esq., California State Bar #237994
**ALLEN ATTORNEY GROUP**
2121 N. California Blvd., Suite 290, Walnut Creek, California 94549
Phone: (925)695-4913; Fax: (925)334-7477
e-mail: Kevin@allenattorneygroup.com

Attorneys for the Plaintiff Jose Vasquez
And the putative Plaintiff Classes

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VASQUEZ, individually and on behalf of all those similarly situated,<br><br>　　　　Plaintiff,<br>v.<br><br>DRAPER AND KRAMER MORTGAGE CORP.,<br><br>　　　　Defendants, | **Case No.  2:21-cv-00693-FMO-AS**<br><br>**CLASS ACTION**<br><br>REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION AND DISTRIBUTION OF NOTICE PURSUANT TO 29 U.S.C. §216(b)<br><br>Date:  September 23, 2020, Thursday<br>Time: 10:00 a.m.<br>Judge: Hon Fernando M. Olguin<br>Courtroom: First Street Court House, 6D<br>350 W. First Street, Los Angeles, CA |

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

**REPLY in support of MOTION FOR CONDITIONAL CLASS CERTIFICATION AND DISTRIBUTION OF NOTICE**

i

# REPLY MEMORANDUM

Conspicuously absent from Defendant's Opposition is even *one* Loan Officer declaration. Despite Defendant's access to the *hundreds* of putative class members employed by Draper & Kramer Mortgage Corp. (D&K), not one declaration is offered by any Loan Officer in Opposition – not one denying performance of similar tasks, not one claiming to have "customarily and regularly" (or ever) performed their primary job duties "away from the employer's place of business" – either pre-Covid nor since Covid social-distancing protocols have been in place nationwide, and not one asserting any retroactive "arbitration" preclusion. Not one.

The sole defense witness declarant, corporate HR director Karla Beinborn, speculates, without foundation, her expectation regarding what tasks *where* D&K Loan Officers *might* or *could have* performed those tasks – but <u>no evidence</u> whatsoever on personal knowledge of **where** any tasks were *actually* performed.

Moreover, Defendant's Opposition relies predominantly on case law in jurisdictions *other than* the binding law in *this* circuit – eschewing Ninth circuit two-step analysis precedent and arguing that this trial court should depart from the law here, to adopt a one-step approach recently articulated in the Fifth Circuit.

Finally, the Opposition quibbles with the Notice details, challenging *how* it should be distributed to reasonably provide the best notice, and where to draw the line on the statute of limitations for damages. **None** of this may defeat certification.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
1339 Bay Street
Alameda, California 94501
(510) 841-5500

1

REPLY in support of MOTION FOR CONDITIONAL CLASS CERTIFICATION AND DISTRIBUTION OF NOTICE

I.   *FACTUAL* SIMILARITY REMAINS UNDISPUTED

Four undisputed facts anchor the reality that all D&K Loan Officers are "similarly situated" for the purposes of FLSA conditional class certification:

**1. the D&K Job Description** for the Loan Officer position produced in discovery defines the primary duty as "sales" -- absent any requirement on ***where*** a Loan Officer must physically perform his or her duties – "outside" or from a "fixed location" by phone or computer.[1] There is no evidence before the Court submitted by either party, at this first phase of litigation, of even one Loan Officer customarily and regularly performing tasks outside the office. Defendant's attempt to conflate its own self-serving claimed expectation that "this is an outside sales position" is meaningless: the statutory analysis is not defined by an employers' after-the-fact-stated expectations, nor language purporting to contract-around the statute.

**2. The D&K "template" employment agreement** and the contracts of both Loan Officer declarants unequivocally provide commission-only compensation, making no provision for *any* hours-based pay, overtime, or minimum wages.[2]

**3. The D&K policy articulated by D&K Human Resources manager** in her discovery response is that D&K does not track employee hours worked nor is there any procedure or mechanism in place for Loan Officers to do so.[3]   Karla

---

[1] **Exhibit 1**: Loan Officer Job Description, D&K production doc.#10, *Vasquez dec.*¶5.
[2] **Exhibit 2**: Full Time Loan Officer Sales Compensation Agreement; *Vasquez dec.*¶6.
[3] **Exhibit 6**: D&K interrogatory response #10: "Draper and Kramer has no obligation to track employees' hours worked nor is there a…procedure and mechanism in place for

*Law Offices of*
**TIMOTHY P. RUMBERGER**
1339 Bay Street
Alameda, California 94501
(510) 841-5500

2

REPLY in support of MOTION FOR CONDITIONAL CLASS CERTIFICATION AND DISTRIBUTION OF NOTICE

Beinborn now testifies that all "**non-exempt**" employees are required to accurately record their time.[4] However, this lawsuit, and the members of the proposed collective, consist of employees whom Defendant (mis)classified as **exempt.** Whatever D&K policies may or may not be or have been for ***non***-*exempt* workers, no evidence is provided by Defendant showing that D&K's ostensibly "exempt" Loan Officers were required to record their time.

**4. D&K's Covid policy** is explicit: "We highly recommend that all staff work from home while the Federal Social Distancing Guidelines are in effect." "All staff should be working from home." "…refrain from using public transportation."[5]

Ms. Beinborn's declaration here in Opposition that the COVID-19 Updates in no way changed her "expectation" that Loan Officers would perform their job duties in conformance with the outside sales exemption is an improper lay legal conclusion and irrelevant to this lawsuit, as the Outside Salesperson Exemption is *performance* based – not *expectation* based.[6] By definition, "outside sales" tasks are not performed from home.

---

Loan Officers to do so." *Rumberger dec.*¶8.

[4] *Beinborn dec.* ¶3.

[5] Defense Exhibit 4 (Doc. 57-4, pages 34-37); *Beinborn decl.* ¶7.

[6] 29 C.F.R. §541.500(a) states in relevant part: "The term employee employed in the capacity of outside salesman" in section 213(a)(1) of the Act shall mean any employee: (1) Whose primary duty is: (i) making sales…., and (2) Who is customarily and regularly away from the employer's place or places of business in performing such primary duty."

*Law Offices of*
**TIMOTHY P. RUMBERGER**
1339 Bay Street
Alameda, California 94501
(510) 841-5500

3

REPLY in support of MOTION FOR CONDITIONAL CLASS CERTIFICATION AND DISTRIBUTION OF NOTICE

## II. THE NINTH CIRCUIT'S TWO-STEP PROCESS IS BINDING

Despite defendant's wish to the contrary, the Ninth Circuit's precedent remains binding on this Court, as set forth in *Campbell v. City of Los Angeles* 90 F.3d 1090, 1100 (9th Cir. 2018), adopting the two-step certification process.

Moreover, contrary to defendant's characterization, the Fifth Circuit's 2021 decision in *Swales v. KLLM Transp. Servs.,* 985 F.3d 430, while departing from decades of precedent nationwide, merely remanded the decision to conditionally certify the collective action to *consider* first whether the merits question could be answered collectively. Regardless of whether the Fifth's circuit's novel approach to FLSA conditional certification practice begins trending beyond its current purview, the Ninth Circuit precedent remains binding on all district courts within this circuit:

> As the Ninth Circuit noted in *Campbell*, the district court's analysis at the first stage is focused on the adequacy—plausibility—of the pleadings, not on evidence as Defendant mistakenly suggests. *Campbell*, 903 F.3d at 1109, 1118. Rather, the evidence-based summary judgment-like analysis comes at the second-step. *Id.* Defendant's reliance on the Fifth Circuit's recent decision, *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021), is likewise misplaced as this Court is bound by the Ninth Circuit's holding in *Campbell*.

*Droesch v. Wells Fargo Bank, N.A.*, 2021 U.S. Dist. LEXIS 87123, *11 (N.D. Cal. May 6, 2021) (Magistrate Judge Jacqueline Scott Corley).

## III. THE DOL's 2021 OPINION LETTER IS INAPPLICABLE HERE

The Opposition cites a June 25, 2020 U.S. Department of Labor opinion letter on "whether salespeople who travel to different locations to sell products…qualify for the outside sales exemption…." FLSA2020-6.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
1339 Bay Street
Alameda, California 94501
(510) 841-5500

**REPLY in support of MOTION FOR CONDITIONAL CLASS CERTIFICATION AND DISTRIBUTION OF NOTICE**

4

In stark contrast to D&K Loan Officers predominantly working from "fixed sites" at their home office or their affiliated D&K office, the DOL opinion letter affirmed the existing interpretation of "customarily and regularly" to mean "greater than occasional but…less than constant," opining on the facts before it:

> "these salespeople are deployed **away** from the employer's place of business to make sales four days per five-day week (*i.e.* **80% of their working time**)"

Here, of course, there is **no evidence** before this court that D&K loan officers actually performed *any* sales tasks "customarily and regularly" outside the office, so as to preclude Notice to the class of their rights to opt-in to this collective action.

Indeed, absent such evidence, and with no foundation for her personal knowledge of what "expectations" might have been in anyone *else's* mind, there is only Ms. Beinborn's self-serving declaration that this was *her* "expectation."

### IV. DEFENDANT'S RECENT PURPORTED ARBITRATION AGREEMENTS

In its Opposition, Defendant claims for the first time that it has recently inserted retroactive arbitration provisions -- after the facts at issue here -- into all loan officer "commission agreements" as of April 1, 2021, purporting to strip these employees of their constitutional and statutory rights to address violations of their FLSA protections *in the past* as well as going forward. Defendant's sole declarant then asserts, that 179 unnamed Loan Officers have signed such arbitration agreements[7] (none produced or even disclosed in Defendant's discovery responses).

---

[7] *Beinborn dec.* (Doc.57-3, p. 3) ¶6.

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

REPLY in support of MOTION FOR CONDITIONAL CLASS CERTIFICATION AND DISTRIBUTION OF NOTICE

5

In this Circuit, the validity of arbitration agreements is a **merits** issue. District judges in the Ninth Circuit "that have addressed that issue have all found that the issue of the enforceability of arbitration clauses related to the merits of the case and therefore should be dealt with in phase two." *Saravia v. Dynamex, Inc.*, 310 F.R.D. 412, 424 (N.D. Cal. Oct. 5, 2015); *Gonzalez, et al. v. Diamond Resorts Int'l Mktg., Inc.*, No. C 18-00979 APG (CWH), 2019 WL 3430770, at *5 (D. Nev. July 29, 2019) (Magistrate Judge C.W. Hoffman, Jr.) (holding that the issue of enforceability of arbitration agreements should be left to step two and declining to adopt the reasoning in *In re JPMorgan*); *Montplaisir v. Integrated Tech Group, LLC, et al.*, No. C 19-14484 WHA, 2019 U.S. Dist. LEXIS 132887, at *9 (ND. Cal. August 6, 2019) (United States District Judge William Alsup) (holding that the issue of the enforceability of arbitration clauses is related to the merits of the case and therefore should be dealt with in phase two).

As such, the efficacy of Defendants recent scramble to have as many of its Loan Officers purport to waive their constitutional due process rights to challenge past violations of their FLSA rights through litigation by agreeing to a retroactively applied arbitration process is not before the Court on this motion.

### V.  DEFENDANT HAS WAIVED ANY JURISDICTIONAL OBJECTIONS

Pursuant to Fed. R. Civ. P. 12(h)(1) a defendant waives any objection to personal jurisdiction if it fails to raise the defense in its first pre-answer motion or, if

*Law Offices of*
**TIMOTHY P. RUMBERGER**
1339 Bay Street
Alameda, California 94501
(510) 841-5500

6

**REPLY** in support of **MOTION FOR CONDITIONAL CLASS CERTIFICATION AND DISTRIBUTION OF NOTICE**

no motion is filed, in its answer. *See Vallone v. CJS Sol. Grp.*, LLC, 2021 U.S. App. LEXIS 24601, *4. Defendant's Answer (Doc. 13) did **not** raise any defense of lack of jurisdiction and, therefore, this issue has been waived.

Even if it had not waived this argument, Defendant's citations to out-of-circuit cases would not preclude conditional certification and distribution of notice.

In *Chavez v. Stellar Management Group VII, LLC* No. 19-CV-01353-JCS, 2020 WL 4505482 at *7–8 (N.D. Cal. Aug. 5, 2020) the Ninth Circuit concludes (as Defendant's Opposition admits) that *Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1781 (2017) does not apply to federal courts applying federal law. There is no reason for the Court to ignore this controlling Ninth Circuit precedent and, instead, follow a Sixth Circuit opinion decided last month, *Canaday*, __ F.4th __, 2021 WL 3629916 (6th Cir. Aug. 17, 2021).

### VI.  THE NOTICE

Defendant's Opposition to conditional certification correctly points out that the FLSA three-year statute of limitations continues to run until "the date when the complaint is filed [for an individual who] is specifically named as a party plaintiff" or, for those not so named, "the subsequent date on which such written consent is filed in the court in which the action was commenced." 29 U.S.C. § 256(b). Plaintiff agrees that Notice should be "directed to those employed within three years of the

Law Offices of
**TIMOTHY P. RUMBERGER**
1339 Bay Street
Alameda, California 94501
(510) 841-5500

REPLY in support of MOTION FOR CONDITIONAL CLASS CERTIFICATION AND DISTRIBUTION OF NOTICE

7

date of the mailing of the notice" and, not from the filing of the original complaint in this action. *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012).

Logistically with respect to how the Notice is provided, even the authorities cited by Defendant in this district support disclosure of multiple forms of contact information directly to Plaintiff's counsel, *e.g. Moore v. Univ. Protection Serv., LP*, No. 19-cv-2124-JGB-SP, 2020 WL 2518030 at *8 (C.D. Cal. May 15, 2020):

> Defendant asks that the Court reduce the forms of notice (e.g. only by first class mail), shorten the opt-in period, order Plaintiffs to use a third-party administrator to send notice, and not permit a postcard reminder. **The Court rejects these modifications**, …except the Court agrees with Defendant that text messages and social media notifications are not warranted. Plaintiffs shall send the Proposed Notice and Consent forms by email and mail, and Defendant shall post the notices in the locations it controls.

Plaintiff's Motion (Doc.51, p.21, fn.29) cites numerous cases supporting text and email notification, authorities unchallenged in Defendant's Opposition. *See, e.g. Dudley v. TrueCoverage LLC*, 2018 WL 6431869, at *6 (C.D. Cal. Sep. 28, 2018) (approving notice by mail, email, and text message).

Defendant's assertion that the proposed notice is deceptive for stating "the potential opt-in plaintiff is under no obligation to pay attorney fees or costs by joining the action" misstates the law, and is premised on a trial court opinion from Pennsylvania that did **not** find opt-in plaintiffs liable for fees. *Kuznyetsov v. W. Penn Allegheny Health Sys., Inc.*, No. 10-cv-948-DWA, 2014 WL 5393182 at *3–4 (W.D. Pa. Oct. 23, 2014). Including such a statement in the Notice would, of course, have a chilling effect on participation – a result, no doubt, hoped for by Defendant.

Law Offices of
**TIMOTHY P. RUMBERGER**
1339 Bay Street
Alameda, California 94501
(510) 841-5500

**REPLY in support of MOTION FOR CONDITIONAL CLASS CERTIFICATION AND DISTRIBUTION OF NOTICE**

8

D&K's offers no legal authority for its contention that the proposed notice is "deficient because it includes no information about D&K's position on the FLSA claims." To the extent the Court is concerned about this omission then a simple remedy would be to insert language to the effect that D&K disputes the Plaintiff's factual allegations and legal contentions.

Finally, the Court should reject Defendant's objection to sending Notice to the more than 30 Loan Officers whom defendant claims recently executed "confidential settlement agreements." The validity of these purported releases are a merits question which is not before the Court on this motion.

As Courts have recognized, this initial conditional certification stage is not appropriate for addressing such concerns because that inquiry goes to the merits of the case. *See, e.g.*, *Saravia v. Dynamex*, 310 F.R.D. 412, 424-25 (N.D. Cal. 2015) (Alsup, J.) At this stage, the "court may not preemptively deny FLSA certification or narrow the scope of the proposed collective" and instead must first allow plaintiff to seek FLSA certification and "order notice to be sent" to all potential FLSA collective members. *Campanelli v. Image First Healthcare Laundry Specialists, Inc.*, No. 15-CV-04456-PJH, 2018 WL 6727825, at *9 (N.D. Cal. Dec. 21, 2018), citing *Campbell v. City of Los Angeles,* 903 F.3d 1090 (9th Cir. 2018). Moreover, such releases, even where enforceable, do not preclude PAGA penalties nor liquidated damages under the FLSA, since these require court approval. *See* e.g. *Kim*

*Law Offices of*
**TIMOTHY P. RUMBERGER**
1339 Bay Street
Alameda, California 94501
(510) 841-5500

9

**REPLY in support of MOTION FOR CONDITIONAL CLASS CERTIFICATION AND DISTRIBUTION OF NOTICE**

*v. Reins International* 9 Cal.5th 73 (2020); *Lynn Food Stores, Inc.* v. US 679 F.2d 1350, 1352-1353.

## V. CONCLUSION

Plaintiff respectfully requests that this Court: (1) conditionally certify the class of opt-in plaintiffs; (2) order Defendant to provide Plaintiff, in an electronic format, with the identification and contact information for all putatively eligible opt-in plaintiffs as described above; (3) permit Plaintiff to send the proposed Notice and reminder postcard in the forms proposed herein and in the manner set forth; and (4) provide the potential members of the collective ninety (90) days to decide whether they want to join the case.

Respectfully submitted,

Dated: September 9, 2021

By: _____/s/_____
TIMOTHY P. RUMBERGER, Esq.
KEVIN R. ALLEN, Esq.
Counsel for Plaintiff and Class Counsel
for all putative Class Members

*Law Offices of*
**TIMOTHY P. RUMBERGER**
1339 Bay Street
Alameda, California 94501
(510) 841-5500

10

**REPLY in support of MOTION FOR CONDITIONAL CLASS CERTIFICATION AND DISTRIBUTION OF NOTICE**