RONALD J. HOLLAND (SBN 148687)
rjholland@mwe.com
CHRISTOPHER A. BRAHAM (SBN 293367)
cbraham@mwe.com
BRIAN CASILLAS (SBN 303528)
bcasillas@mwe.com
**MCDERMOTT WILL & EMERY LLP**
415 Mission St Suite 5600
San Francisco, CA 94105-2533
Telephone:  +1 628 218 3800
Facsimile:   +1 628 877 0107

Attorneys for Defendant
DRAPER AND KRAMER MORTGAGE
CORP.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VASQUEZ, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DRAPER AND KRAMER MORTGAGE CORP.,<br><br>Defendant. | Case No. 2:21-cv-00693-FMO-AS<br>Hon. Fernando M. Olguin<br><br>**DEFENDANT DRAPER AND KRAMER MORTGAGE CORP.'S MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT SANCTIONS AND DISQUALIFICATION**<br><br>Date: July 28, 2022<br>Time: 10:00 a.m.<br>Courtroom: 6D<br><br>*[Filed concurrently with (1) Notice of Motion; (2) Declaration of Karla Beinborn; (3) Declaration of Christopher Braham; and (4) [Proposed] Order]*<br><br><u>CLASS AND COLLECTIVE ACTION</u><br><br>Complaint filed: September 22, 2020<br>FAC filed: June 3, 2021 |

# **TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION ................................................................................ 1

II.   RELEVANT PROCEDURAL AND FACTUAL BACKGROUND ................. 2

    A.    On March 29, 2022, The Court Approves Of A Specific Text Message Notice That May Be Sent Once To DKMC's Loan Officers ... 2

    B.    On June 5, 2022, DKMC Is Notified That Vasquez's Counsel Sent An Unapproved Text Message To DKMC's Loan Officers ............ 3

    C.    Vasquez's Counsel Never Seeks Approval Of The Unapproved Solicitation Prior To Its Dissemination ....................................... 4

    D.    On June 6, 2022, DKMC Is Notified That Vasquez Left A Voicemail To At Least One Loan Officer Claiming That The Loan Officer May Be Entitled To A "Significant Dollar Amount With A Potential Of Doubling" ............................................................. 4

III.  LEGAL ARGUMENT .......................................................................... 5

    A.    The Unapproved Solicitation Communication Violates The California Rules Of Professional Conduct ................................................ 5

    B.    This Court Should Hold Vasquez's Counsel In Contempt, Dismiss Any Plaintiffs Other Than Vasquez, And Disqualify Vasquez's Counsel From Representing Their Putative Class Member Clients ............................................................................................. 9

        1.    The Court Should Hold Vasquez's Counsel in Contempt of Court ........................................................................... 11

        2.    This Court Should Enter an Order Dismissing the Entire Action as to Anyone Other Than Vasquez .................................. 12

        3.    The Court Should Enjoin Vasquez's Counsel From Further Unauthorized Contact With Putative Class Members ................ 13

    C.    DKMC Is Entitled To Its Fees Incurred In Bringing This Motion ........ 14

IV.  CONCLUSION ................................................................................. 15

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Aloe Vera of Am., Inc. v. United States,*
    376 F.3d 960 (9th Cir. 2004) ............................................................ 12

*Asyst Tech., Inc. v. Empak, Inc.,*
    962 F. Supp. 1241 (N.D. Cal. 1997) ................................................... 5

*Bayshore Ford Truck v. Ford Motor Co.,*
    2009 WL 3817930 (D.N.J. 2009) ....................................................... 14

*Chambers v. NASCO, Inc.,*
    501 U.S. 32 (1991) .............................................................................. 12

*In re Cmty. Bank of N. Va. Loan Litig.,*
    418 F.3d 277 (3d Cir. 2005) ......................................................... 10, 14

*Concat LP v. Unilever, PLC,*
    350 F.Supp. 2d 796 (N.D. Cal. 2004) .................................................. 5

*E-Smart Tech., Inc. v. Drizin,*
    2011 WL 2020710 (N.D. Cal. 2011) ................................................... 11

*Evon v. Law Offices of Sidney Mickell,*
    688 F.3d 1015 (9th Cir. 2012) ............................................................ 10

*F. D. Rich Co., Inc. v. U.S. for Use of Indus. Lumber Co., Inc.,*
    417 U.S. 116 (1974) ............................................................................ 12

*F.J. Hanshaw Enter., Inc. v. Emerald River Dev., Inc.,*
    244 F.3d 1128 (9th Cir. 2001) ............................................................ 12

*Fleischmann Distilling Corp. v. Maier Brewing Co.,*
    386 U.S. 714 (1967) ............................................................................ 12

*Frankl v. HTH Corp.,*
    832 F. Supp. 2d 1179 (D. Haw. 2011) ................................................ 11

*Gompers v. Buck's Stove & Range Co.,*
    221 U.S. 418 (1911) ............................................................................ 11

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT SANCTIONS AND DISQUALIFICATION

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

*Gulf Oil Co. v. Bernard*,
   452 U.S. 89 (1981)...................................................................5, 13, 14

*Hamm v. TBC Corp.*,
   597 F. Supp. 2d 1338 (S.D. Fla. 2009) aff'd, 345 F. App'x 406 (11th
   Cir. 2009) ............................................................................................15

*Int'l Union, United Mine Workers of Am. v. Bagwell*,
   512 U.S. 821 (1994)..............................................................................11

*Koninklijke Philips Elec. N.V. v. KXD Tech., Inc.*,
   539 F.3d 1039 (9th Cir. 2008) .............................................................11

*Mevorah v. Wells Fargo Home Mortg., Inc., a div. of Wells Fargo Bank*
   (N.D. Cal., Nov. 17, 2005, No. C 05-1175 MHP) 2005 WL 4813532 ......5, 6, 14

*Parks v. Eastwood Ins. Servs., Inc.*,
   235 F. Supp. 2d 1082 (C.D. Cal. 2002) ................................................8

*Scott v. Chuhak & Tecson, P.C.*,
   725 F.3d 772 (7th Cir. 2013) ...............................................................10

*Swamy v. Title Source, Inc.*,
   2017 WL 5196780 (N.D. Cal. Nov. 10, 2017) ....................................8

*TeleVideo Sys., Inc. v. Heidenthal*,
   826 F.2d 915 (9th Cir. 1987) ...............................................................13

*Thompson v. Housing Auth. of L.A.*,
   782 F.2d 829 (9th Cir. 1986) ...............................................................13

*Toth v. Trans World Airlines, Inc.*,
   862 F.2d 1381 (9th Cir. 1988) .............................................................13

*Uniguard Sec. Ins. Co. v. Lakewood Eng. & Mfg. Corp.*,
   982 F.2d 363 (9th Cir. 1992) ...............................................................10

*United States v. National Med. Enter., Inc.*,
   792 F.2d 906 (9th Cir. 1986) ...............................................................10

*United States v. United Mine Workers of Am.*,
   330 U.S. 258 (1947)..............................................................................11

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT SANCTIONS AND
DISQUALIFICATION

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

**California Cases**

*Howard Gunty Profit Sharing Plan v. Super. Ct.*,
    88 Cal. App. 4th 572 (2001) ................................................................................5

*Kitsis v. State Bar*,
    23 Cal.3d 857 (1979) ........................................................................................7

*Matter of Kroff*, 3 Cal.
    State Bar Ct. Rptr. 838, 844 (Rev. Dept. 1998).................................................7

*Parris v. Super. Ct.*,
    109 Cal.App. 4th 285 (2003) ...........................................................................6

*Matter of Scapa & Brown*, 2 Cal.
    State Bar Ct. Rpt. 635, 641-42 (Rev. Dept. 1993) ...........................................7

**Federal Statutes**

FLSA..............................................................................................................1, 8, 12

**California Statutes**

Cal. Bus. & Prof. Code
    §§ 6157.1, 6157.2, 6158, 6158.1 .....................................................................6
    § 17538.41(a)(1), (c), (d) .................................................................................7

Cal. Civ. L.R. 83-3.1.2 ..........................................................................................5

State Bar Act ..........................................................................................................5

**Other Authorities**

American Bar Association ......................................................................................1

Cal. Rules of Prof. Conduct, Rule 1-400(B).........................................................6

California Rules of Professional Conduct Rule 1-400 ..................................6, 7, 8

Constitution of the United States...........................................................................6

Constitution of the State of California...................................................................6

Fed. R. Civ. P. 37(b)(2)(A)..................................................................................10

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT SANCTIONS AND DISQUALIFICATION

Fed. R. Civ. P. 37(b)(2)(C) ....................................................... 14

Federal Rules of Civil Procedure Rule 37 ........................................ 9, 15

Model Rules of Prof. Conduct, Rule 7.3 ........................................... 7

Rule 7.3 ................................................................... 7, 8

Rule 23 ....................................................................... 14

Rule 23(d) ..................................................................... 5

Rule 37(b) ..................................................................... 10

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT SANCTIONS AND DISQUALIFICATION

## I.    **INTRODUCTION**

Plaintiff Jose Vasquez's ("Vasquez") counsel has engaged in improper legal solicitation directed at Defendant Draper & Kramer Mortgage Corp.'s ("DKMC") loan officers through targeted text messages to their personal telephone numbers, which Vasquez obtained via discovery.  DKMC has been informed that at least one loan officer – whose contact information was produced by DKMC to Vasquez pursuant to this Court's Order – has received unwanted text message solicitations from Vasquez's counsel, Timothy Rumberger ("Mr. Rumberger").  In the solicitation, Mr. Rumberger informs loan officers that (1) the typical base claim value for the FLSA collective action is $36,000 for a loan officer making $180,000 in annual commissions working 50 hours in a typical week (noting that loan officers would make more if his/her commissions or hours are higher), (2) that there is "no cost nor risk to you" for opting-in to the FLSA collective action, and (3) directing loan officers to visit DandKMortgageLawsuit.com or contact Tim@RumbergerLaw.com "by email or phone for more information re YOUR Claim value to make an informed decision by June 11, 2022." Not only does the solicitation violate the California Rules of Professional Conduct, the American Bar Association Model Rules, and the California Business and Professions Code, it is also in direct contradiction of this Court's Order regarding notice of the collective action to loan officers.  Such conduct should not be condoned.

As a result, DKMC seeks this Court's assistance to remedy the effects of the improper text message solicitation, which have and will continue to have a substantial detrimental effect on this litigation.  The solicitation violates the rules of professional conduct, is misleading and poses a serious threat to the integrity of the administration of justice and fairness in this matter.  Because Vasquez's counsel ignored Rules of Professional Conduct obligations and this Court's Order, DKMC contends the most effective way to remedy the damage would be to (1) hold Vasquez's counsel in contempt of Court, (2) dismiss any plaintiffs other than Vasquez, (3) enjoin Vasquez's

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT SANCTIONS AND DISQUALIFICATION

counsel from further unauthorized contact with putative class members; and (4) award monetary sanctions against Vasquez's counsel for a portion of the fees that DKMC has incurred or will incur in bringing this Motion.

## II.     RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

### A.     On March 29, 2022, The Court Approves Of A Specific Text Message Notice That May Be Sent Once To DKMC's Loan Officers

On March 17, 2022, the Court entered its Order Re: Preliminary Certification (Dkt. 70). As part of its Order, the Court ordered that Vasquez submit for the Court's review and approval a Notice Via Cell Phone Text Message (the "Approved Text Notice"). The Court also ordered that DKMC provide to Vasquez's counsel a computer-readable database that includes the names of all proposed collective members, along with each loan officer's last known telephone numbers. Dkt. No. 70.

On March 29, 2022, in its Order Re: Revised FLSA Notice [74] (Dkt. 76 (the "Order"), the Court approved the revised Notice of Collective Action (Dkt. 74-1, Rumberger Decl., Revised Exh. 8) and Approved Text Notice (Dkt. 74-2, Rumberger Decl., Revised Exh. 9) submitted by Vasquez's counsel. The Text Notice approved by the Court states as follows:

> **NOTICE VIA CELL PHONE TEXT MESSAGE**: If you worked as a Loan Officer (aka Senior Loan Officers, Vice Presidents and Senior Vice Presidents of Residential Lending) for Draper and Kramer Mortgage Corp. in the United States anytime between [DATE 3 years prior to the date of transmitting this Text Message], to May 1, 2021 you may be eligible to join a lawsuit for unpaid wages including overtime. For info, contact Class Counsel Timothy P. Rumberger at (510) 841-5500 or Kevin R. Allen at (925) 695-4913."

The Court ordered that "within ten (10) business days of receiving the computer-readable database from Defendant, plaintiff shall cause the Notice and Opt-In Consent Form to be sent via…text message…to all loan officers who performed work within three years prior to the date of the Notice who have not already filed Opt-In Consent Forms on the docket." Dkt. No. 76. The Court also noted that a ***duplicate*** copy of the

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Approved Text Notice may be sent as a reminder thirty (30) days after the Notice Date to loan officers who have not returned their opt-in consent form as of that date. *Id*. The Court did not approve any other text notice as part of its March 29, 2022 Order. *Id*.

**B.    On June 5, 2022, DKMC Is Notified That Vasquez's Counsel Sent An Unapproved Text Message To DKMC's Loan Officers**

On June 5, 2022, DKMC was notified by one of its loan officers that he received a text message (the "Unapproved Solicitation") to his personal cell phone from Vasquez's counsel, Timothy Rumberger ("Mr. Rumberger"). Declaration of Karla Beinborn ["Beinborn Decl."], ¶ 6. The Unapproved Solicitation received by the loan officer states as follows:

> This week is the final deadline for DKMC Loan Officers to Opt-IN to the FLSA collective action. The typical base claim value is $36,000 for a loan officer making $180,000 in annual commissions working 50 hours in a typical week is for the 2-year claim period (more if your commissions or hours were higher) — in addition to your claim for EPO and appraisal fee reimbursement.
>
> There is no cost nor risk to you. To be included, go to DandKMortgageLawsuit.com or request a Notice & Opt-In Form by email: Tim@RumbergerLaw.com or phone for more information re YOUR claim value to make an informed decision by June 11, 2022.
> Tim Rumberger, co-counsel for the DKMC Loan Officer nationwide collective. Take care.

Beinborn Decl., ¶ 6, **Exh. C** – E-mail Containing the Unapproved Text Message from Vasquez's Counsel to Putative Class Members. DKMC was also notified that several of its loan officers received the same Unapproved Solicitation from Mr. Rumberger. *Id*, ¶ 7. Indeed, as embedded below, at least one putative class member felt that his rights were violated as a result of receiving the Unapproved Solicitation:

///

///

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT SANCTIONS AND DISQUALIFICATION

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

From: Slominski, Tim <tim.slominski@dkmortgage.com>
Sent: Monday, June 6, 2022 5:59 PM
To: Beinborn, Karla <Karla.Beinborn@DKmortgage.com>
Subject: Class action

Karla I responded to the text tone and they have violated my rights when I had requested to have them remove me from
this text. Here is what they sent me today

Tim Slominski - This week is the final deadline for D&K Loan Officers to Opt-IN to the FLSA collective action. The typical
base claim value is $36,000 for a loan officer making $180,000 in annual commissions working 50 hours in a typical week
is for the 2-year claim period (more if your commissions or hours were higher) — in addition to your claim for EPO and
appraisal fee reimbursement. There is no cost nor risk to you. To be included, go to DandKMortgageLawsuit.com or
request a Notice & Opt-IN Form by email: Tim@RumbergerLaw.com or phone for more information re YOUR claim value
to make an informed decision by June 11, 2022.
Tim Rumberger,
co-counsel for the D&K Loan Officer nationwide  collective. Take care.

*Id*., ¶ 6, **Exh. C**.

### C.     Vasquez's Counsel Never Seeks Approval Of The Unapproved Solicitation Prior To Its Dissemination

Vasquez's counsel never submitted the Unapproved Solicitation to the Court for its approval.  Further, DKMC was never notified of the Unapproved Solicitation prior to its dissemination (nor did Plaintiff's counsel meet and confer with DKMC's counsel prior to its dissemination).  *Id*., ¶ 2.[1]

### D.     On June 6, 2022, DKMC Is Notified That Vasquez Left A Voicemail To At Least One Loan Officer Claiming That The Loan Officer May Be Entitled To A "Significant Dollar Amount With A Potential Of Doubling"

On June 6, 2022, a day after the Unapproved Solicitation was sent, DKMC was notified by one of its loan officers that he received a voicemail from Vasquez. Declaration of Christopher Braham ["Braham Decl."], ¶ 3.  In the voicemail, Vasquez states that he is "reaching out to all the California potential class members for my class action, which I'm sure you got notice posted somewhere predominately." *Id*.  Vasquez further states that the reason for contacting the loan officer is to "make sure that, or

---

[1] On June 13, 2022, Vasquez's counsel filed the Notice of Filing of Consents To Join Collective Action ("Notice").  According to the Notice, approximately ten (10) of the opt-in consent forms were either received or postmarked *after* the Unapproved Solicitation was sent.  Dkt. No. 91.

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT SANCTIONS AND
DISQUALIFICATION

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

confirm rather, you received the notices, both of them, and the opt-in and also just calling to see if you know what your claim would be." Vasquez also states in his voicemail that the loan officer can make "a pretty pretty significant dollar amount with a potential of doubling" should the loan officer opt-in. *Id.*

## III.   LEGAL ARGUMENT

### A.   The Unapproved Solicitation Communication Violates The California Rules Of Professional Conduct

Attorneys appearing before federal courts in California must "comply with the standards of professional conduct required of the members of the State Bar of California." *Concat LP v. Unilever, PLC,* 350 F.Supp. 2d 796, 914 (N.D. Cal. 2004) (citing *Asyst Tech., Inc. v. Empak, Inc.,* 962 F. Supp. 1241, 1242 (N.D. Cal. 1997)); *see also* C.D. Cal. Civ. L.R. 83-3.1.2 ("[i]n order to maintain the effective administration of justice and the integrity of the Court, **each attorney shall be familiar with and comply with** the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, **the Rules of Professional Conduct of the State Bar of California**, and the decisions of any court applicable thereto…any breach or violation thereof may be the basis for the imposition of discipline." (Emphasis added). Accordingly, in this litigation and in this Court, Vasquez's counsel are required to comply with the California Rules of Professional Conduct.

While precertification communication with putative class members is generally permitted, the Court's Rule 23(d) powers include the authority to enjoin communications with class members to protect them from undue interference. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99-100 (1981); *Howard Gunty Profit Sharing Plan v. Super. Ct.*, 88 Cal. App. 4th 572, 580 (2001) ("Precertification communication carries the potential for abuse.") "When engaging in precertification communications, as is equally true with any communication, a member of the State Bar of California must comply with the requirements of the Rules of Professional Conduct." *Mevorah v.*

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   *Wells Fargo Home Mortg., Inc., a div. of Wells Fargo Bank* (N.D. Cal., Nov. 17, 2005,

2   No. C 05-1175 MHP) 2005 WL 4813532, at *5; *see also Parris v. Super. Ct.*, 109

3   Cal.App. 4th 285, n.6 (2003).

4          Rule 1-400 of the California Rules of Professional Conduct governs attorney

5   solicitation and advertising, and provides, in relevant part:

6          For purposes of this rule, a "solicitation" means any communication:

7                  (1) Concerning the availability for professional employment of a member

8                  or a law firm in which a significant motive is pecuniary gain; and

9                  (2) Which is:

10                         (a) delivered in person or by telephone ...

11   Cal. Rules of Prof. Conduct, Rule 1-400(B). Rule 1-400 further provides:

12          A solicitation shall not be made ***by or on behalf of a member or law***
        ***firm to a prospective client*** with whom the member or law firm has no
13          family or prior professional relationship, unless the solicitation is
        protected from abridgment by the Constitution of the United States or
14          by the Constitution of the State of California. A solicitation to a former
        or present client in the discharge of a member's or law firm's duties is
15          not prohibited.

16

17   *Id.* 1-400(C) (emphasis added).[2] Rule 1-400 also provides that any allowed

18   communication or solicitation shall not: (1) contain any untrue statement; or (2)

19   contain any matter which is false, deceptive, or which tends to confuse, deceive, or

20   mislead the public; or (3) omit to state any fact necessary to make the statement made

21   not misleading to the public; or (4) fail to indicate clearly, expressly, or by context that

22   it is a communication or solicitation; or (5) be transmitted in any manner which

23   involves intrusion, coercion, duress, compulsion, intimidation, threats, or vexatious or

24   harassing conduct. *Id.* 1-400(D).

25

26

27   [2] In addition, the California Business and Professions Code sets forth numerous
     provisions that govern legal advertising and solicitations. *See, e.g.,* Cal. Bus. & Prof.
28   Code §§ 6157.1, 6157.2, 6158, 6158.1.

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT SANCTIONS AND
DISQUALIFICATION

Moreover, Rule 7.3 of the ABA Model Rules of Professional Conduct states as follows:

> (a) A lawyer shall not by in-person, live telephone or real-time electronic contact solicit professional employment from a prospective client when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain, unless the person contacted:
>
> > (1) is a lawyer;
> >
> > (2) has a family, close personal, or prior professional relationship with the lawyer; or
> >
> > (3) person who routinely uses for business purposes the type of legal services offered by the lawyer.

ABA Model Rules of Prof. Conduct, Rule 7.3.

Case law makes clear that ***telephonic*** solicitations of prospective clients by an attorney or on behalf of the attorney are prohibited. *See, e.g., Kitsis v. State Bar,* 23 Cal.3d 857 (1979) (holding that a lawyer may not initiate face-to-face or telephone contact with a non-client, personally or through a representative, for the purpose of being retained to represent that person for a fee); *Matter of Scapa & Brown*, 2 Cal. State Bar Ct. Rptr. 635, 641-42 (Rev. Dept. 1993) (holding that attorneys, who staff a branch office exclusively with non-lawyers who illegally obtain police accident reports, solicit accident victims over the telephone and in person, and induce potential clients to sign statements that they were not solicited, have violated the rules against solicitation); *Matter of Kroff*, 3 Cal. State Bar Ct. Rptr. 838, 844 (Rev. Dept. 1998) (holding that solicitations by telephone are prohibited under Rule 1-400.  It is also improper to transmit, or cause to be transmitted, a "text message advertisement" to a mobile phone, handset, pager or two-way messaging device, unless the sender has an existing relationship with the recipient and offers the recipient an option not to receive text messages from the sender.  Cal. Bus. & Prof. Code § 17538.41(a)(1), (c), (d).

///

McDermott Will & Emery LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Here, there is no doubt that Vasquez's counsel caused to be disseminated telephonic text messages that amount to a "solicitation" under California Rule of Professional Conduct 1-400 and ABA Model Rule of Professional Conduct 7.3. Indeed, the Unapproved Solicitation violates at least three of the subdivisions contained in Rule 1-400 and constitutes unethical conduct as follows:

*First*, the Unapproved Solicitation violates Rule 1-400 because it essentially guarantees that loan officers receiving the message will receive money should they opt-in ("the typical base claim value is $36,000 for a loan officer making $180,000"). Notably, however, this Court has made no ruling or issued any order stating what the "base claim value" is, nor did the Court approve of such a communication in any of its previous Orders. In a putative collective action under the FLSA, like the instant case, "there is no prohibition against pre-'opt-in' communication with a ... potential plaintiff, *unless the communication undermines  or contradicts the Court's notice*." *Parks v. Eastwood Ins. Servs., Inc.,* 235 F. Supp. 2d 1082, 1085 (C.D. Cal. 2002) (emphasis added). Vasquez's counsel's communication undermines and contradicts the Court's notice by putting forth an assertion that is plainly false and unmistakably intended to mislead loan officers into joining the lawsuit, especially considering that this Court has stated that there has been no determination on the merits.

*Second*, it is false to represent there is "no cost nor risk" for anyone to join the case. Anybody who joins the lawsuit takes the risk that they could be ordered to pay DKMC's costs should they lose and they could be sanctioned should they not participate in discovery. *See Swamy v. Title Source, Inc.*, 2017 WL 5196780, at *5 (N.D. Cal. Nov. 10, 2017) (holding that representation to plaintiffs that they could be required to pay costs of suit was not misleading). Moreover, standard commission agreements (produced to Vasquez's counsel prior to the dissemination of the Unapproved Solicitation) between DKMC and its loan officers contain a provision waiving loan officers' procedural right to assert a collective action against DKMC. Beinborn Decl., ¶ 4. The commission agreements (as well as arbitration agreements

McDermott Will & Emery LLP
ATTORNEYS AT LAW
SAN FRANCISCO

received by Vasquez's counsel) also contain a provision permitting DKMC to recover its attorneys' fees to enforce the aforementioned waiver.  *Id*.  Accordingly, it is misleading for Vasquez's counsel to represent to individuals that there is "no cost nor risk" to individuals joining the action as the loan officers would be in breach of their commission agreement by joining.  Indeed, loan officers who did join this Action in violation of their covenant not to do so are at risk of having to pay for DKMC's attorneys' fees associated with a motion to enforce the collective action waiver filed concurrently herewith.

*Third*, Vasquez's counsel committed an ethical violation when sending the Unapproved Solicitation because the communication fails to indicate clearly, expressly, or by context that it is an advertisement or solicitation.

Vasquez had no legitimate reason to send out the mass Unapproved Solicitation to loan officers, apart from a naked attempt to create attorney-client relationships and drum up precertification interest in this lawsuit by misleadingly promising recovery of $36,000 per loan officer.  Vasquez's conduct constitutes an improper solicitation of for-profit legal business, which is prohibited by professional conduct rules because it is inherently conducive to overreaching and other forms of misconduct.  The Court should not condone such conduct.

**B.     This Court Should Hold Vasquez's Counsel In Contempt, Dismiss Any Plaintiffs Other Than Vasquez, And Disqualify Vasquez's Counsel From Representing Their Putative Class Member Clients**

Federal courts have the power to impose sanctions against litigants and their attorneys. Under Rule 37 of the Federal Rules of Civil Procedure, if a party fails to obey an order regarding discovery, the Court may issue further just orders, including the following: (1) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence; (3) striking pleadings

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

in whole or in part; (4) staying further proceedings until the order is obeyed; (5) dismissing the action or proceeding in whole or in part; (6) rendering a default judgment against the disobedient party; or (7) treating as contempt of court the failure to obey the order. Fed. R. Civ. P. 37(b)(2)(A); *United States v. National Med. Enter., Inc.*, 792 F.2d 906, 910 (9th Cir. 1986) (upholding sanctions under Rule 37(b) for violation of a protective order). Discovery misconduct can also be punished under the court's inherent powers to manage its affairs. *See Uniguard Sec. Ins. Co. v. Lakewood Eng. & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (issuing sanctions under the court's inherent power for failing to comply with a court order by filing confidential documents without redaction); *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 779-80 (7th Cir. 2013) (holding that willful violation of any court order may be punishable as contempt or be sanctioned under the court's inherent power).

Here, the Court already entered an Order regulating text message notice to loan officers, and Vasquez's counsel chose to ignore those Orders. "Misleading communications by soliciting counsel have a detrimental effect on the class notice procedure and, therefore, on the fair administration of justice." *In re Cmty. Bank of N. Va. Loan Litig.*, 418 F.3d 277, 311 (3d Cir. 2005). It also appears that Vasquez acted as a representative of his counsel and was directed to contact loan officers as part of his June 6, 2022 voicemail, especially considering Vasquez used legalese not typically referenced by laypersons (including references to notice being posted "predominately" and potential recovery of "double" damages). Accordingly, as discussed below, the Court should issue an order (1) holding Vasquez's counsel in contempt of Court, (2) dismissing any plaintiffs other than Vasquez, (3) disqualifying Vasquez's counsel from representing putative class members, and (4) awarding monetary sanctions against Vasquez's counsel for DKMC's fees incurred in bringing this Motion.

///

///

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT SANCTIONS AND DISQUALIFICATION

1.   <u>The Court Should Hold Vasquez's Counsel in Contempt of Court</u>

The Court has discretion to determine appropriate sanctions in civil contempt proceedings. Sanctions are generally imposed to either coerce compliance or to compensate the moving party for losses resulting from the violation:

> Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.

*United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947) (citing *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 448-49 (1911)); *see also E-Smart Tech., Inc. v. Drizin*, 2011 WL 2020710, at *3 (N.D. Cal. 2011) ("There are essentially two types of sanctions that may be imposed upon a finding of civil contempt: coercive sanctions to compel obedience to a court order or compensatory sanctions to redress losses sustained by the adversary."); *Frankl v. HTH Corp.*, 832 F. Supp. 2d 1179 (D. Haw. 2011) ("'A court has wide latitude in determining whether there has been contemptuous defiance of its order,' and 'retains discretion to establish appropriate sanctions.' Sanctions for civil contempt may be imposed to coerce compliance with a court order and/or to compensate the injured party for losses sustained. 'Unlike the punitive nature of criminal sanctions, civil sanctions are wholly remedial.'").

As a sanction for civil contempt, a court may order the payment of a fine, including the payment of attorneys' fees. *See, e.g., Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) ("Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge. Thus, a 'flat, unconditional fine' totaling even as little as $50 announced after a finding of contempt is criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance."); *Koninklijke Philips Elec. N.V. v. KXD Tech., Inc.*, 539 F.3d 1039, 1042-43 (9th Cir. 2008) ("The attorney's fees, lost royalties, and storage costs were assessed in order to compensate the plaintiff for losses sustained. Furthermore,

McDermott Will & Emery LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT SANCTIONS AND DISQUALIFICATION

the per diem fine was not to be assessed until fourteen days after the entry of the order, and the defendants could avoid the fine by complying with the terms of the injunction. Because the per diem fine allowed the defendants the opportunity to purge the contempt before payment became due, it was a civil sanction."); *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967) ("And in a civil contempt action occasioned by willful disobedience of a court order an award of attorney's fees may be authorized as part of the fine to be levied on the defendant."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (stating that a court may award attorney's fees as part of the fine for civil contempt); *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004) (stating that a court may award attorney's fees as part of the fine for civil contempt); *F. D. Rich Co., Inc. v. U.S. for Use of Indus. Lumber Co., Inc.*, 417 U.S. 116, 129 (1974) ("We have long recognized that attorneys' fees may be awarded to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons"); *F.J. Hanshaw Enter., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) (same).

Here, the Court should hold Vasquez's counsel in contempt for Vasquez's counsel's violation of this Court's Order regarding use of the contact information and its Approved Text Notice.

### 2.     This Court Should Enter an Order Dismissing the Entire Action as to Anyone Other Than Vasquez

In addition to holding Vasquez's counsel in contempt of court, this Court should enter an order dismissing the entire FLSA action without prejudice as to anyone other than Vasquez.  Courts have dismissed cases where there was disregard of the court's orders and the discovery rules and where the disobedience has been willful or in bad faith.  In dismissing claims as a sanction for violating a court order, the court should consider the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5)

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT SANCTIONS AND DISQUALIFICATION

McDermott Will & Emery LLP
Attorneys At Law
San Francisco

the availability of less drastic sanctions." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988) (quoting *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)).

Here, no person other than Vasquez should be allowed to maintain claims against DKMC in this instant Action.  DKMC will suffer prejudice in having to defend against not only Vasquez's claims, but the claims of other individuals – many of whom may not have individually sued DKMC absent Vasquez's counsel's improper solicitation.  Moreover, no less drastic measure exists, as Vasquez's counsel has already violated the Court's Order regulating distribution of the Approved Text Notice to loan officers. Accordingly, this Court should enter an order dismissing any plaintiffs other than Vasquez.  *See, e.g., Toth*, 862 F.2d at 1385 ("Dismissal of this action was based on appellants' continued refusal to respond to requests to produce; they continued to refuse even after the court had ordered their responses ... The district court considered, and indeed instigated, less drastic sanctions, but to no avail.  While the public policy favoring disposition on the merits weighs against dismissal, it is not enough to preclude a dismissal order when the other four factors weigh as heavily in favor of dismissal as they do in this case."); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987) ("Appellant claims that the district court abused its discretion in striking his answer and entering a default judgment against him.  We disagree.  Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices.")

   3.   The Court Should Enjoin Vasquez's Counsel From Further
        Unauthorized Contact With Putative Class Members

This Court is empowered, within the standard set forth in *Gulf Oil*, to prevent any further misleading and abusive contact between Vasquez's counsel and putative class members. "Courts have limited pre-certification communications with potential class members after misleading, coercive, or improper communications were

13

made." *Mevorah*, 2005 U.S. Dist. LEXIS 28615 at *11; *Gulf Oil*, 452 U.S. at 101 (Upon "a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties," this Court has the power to issue an Order restricting Plaintiffs' communications with putative class members).[3] Given that there is a clear record of Vasquez's counsel's abusive contact with putative class members, an Order enjoining further contact without prior Court approval is appropriate.  As indicated above, DKMC has been harmed and prejudiced by the Unapproved Solicitation because at least ten of the Opt-In consent forms were either received or postmarked to Plaintiff's counsel *after* the Unapproved Solicitation was sent.

## C.    DKMC Is Entitled To Its Fees Incurred In Bringing This Motion

In addition to any orders entered against Vasquez's counsel for violation of the Court's previous Order, "the court must order the disobedient part, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C); *see*

---

[3] "Rule 23 contemplates that putative class members will make an informed decision about their decision to opt out of a class." *McKesson HBOC*, 126 F. Supp. 2d at 1243. Here, the Unapproved Solicitation is attempting to subvert what should be a fair process by using deceptive and misleading information in a bid to secure an attorney-client relationship. Such misleading communications are improper. *See, e.g., In re Community Bank of Northern Virginia*, 418 F.3d 277, 310 (3d Cir. 2005) ("Because the advantage of class action litigation comes at the cost of binding absent class members through the res judicata effect of litigation over which they lack control, the district courts *must closely monitor the notice process and take steps to safeguard class members from 'unauthorized [and] misleading communications from the parties or their counsel.*'") (emphasis added); *Bayshore Ford Truck v. Ford Motor Co.*, 2009 WL 3817930, *10 (D.N.J. 2009) ("While Rule 23 deals with class members, courts have held that it also applies to contacts with putative class members, allowing courts to 'issue Rule 23 orders to prevent abuses of the class action process.' ") (citation omitted.)

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT SANCTIONS AND DISQUALIFICATION

McDermott Will & Emery LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*also Hamm v. TBC Corp.*, 597 F. Supp. 2d 1338, 1353 (S.D. Fla. 2009) aff'd, 345 F. App'x 406 (11th Cir. 2009) (ordering Plaintiffs to reimburse fees and costs for bringing motion regarding abusive precertification contact with putative class members).

Here, Vasquez cannot show that his counsel's misuses of the contact information in violation of a Court order was "substantially justified" within the meaning of Rule 37 of the Federal Rules of Civil Procedure.  No reasonable person would think that ignoring a Court order or violating the Rules of Professional Conduct was justified.  As such, the Court should sanction Vasquez's counsel in the amount to be set forth in DKMC's Reply to Vasquez's forthcoming Opposition, which will represent a portion of the attorneys' fees that DKMC has incurred or will incur in bringing this Motion.

## IV.   **CONCLUSION**

For all the foregoing reasons, DKMC respectfully requests that this Court grant its Motion and enter an order (1) holding Vasquez's counsel in contempt of Court, (2) dismissing any plaintiffs other than Vasquez, (3) enjoin Vasquez's counsel from further unauthorized contact with putative class members; and (4) awarding monetary sanctions against Vasquez's counsel for a portion of the fees that DKMC has incurred or will incur in bringing this Motion.

Dated: June 30, 2022          Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

By:   */s/Christopher A. Braham*
       RON HOLLAND
       CHRISTOPHER A. BRAHAM
       BRIAN CASILLAS
       Attorneys for Defendant
       DRAPER AND KRAMER MORTGAGE
       CORP.