| | |
|---|---|
| 1 | CHRISTOPHER A. BRAHAM (SBN 293367) |
| | cbraham@mwe.com |
| 2 | BRIAN CASILLAS (SBN 303528) |
| | bcasillas@mwe.com |
| 3 | **MCDERMOTT WILL & EMERY LLP** |
| | 2049 Century Park East |
| 4 | Suite 3200 |
| | Los Angeles, CA 90067-3206 |
| 5 | Telephone: +1 310 277 4110 |
| | Facsimile:  +1 310 277 4730 |
| 6 | |
| 7 | Attorneys for Defendant |
| | DRAPER AND KRAMER MORTGAGE |
| 8 | CORP. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE VASQUEZ, individually and on behalf of all those similarly situated, | | Case No. 2:21-cv-00693-FMO-AS |
| | | Hon. Fernando M. Olguin |
| Plaintiff, | | |
| v. | | **DEFENDANT DRAPER AND KRAMER MORTGAGE CORP.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT** |
| DRAPER AND KRAMER MORTGAGE CORP., | | |
| Defendant. | | |
| | | Date: February 6, 2025 |
| | | Time: 10:00 a.m. |
| | | Courtroom: 6D |
| | | *[Filed Concurrently with (1) Joint Brief re: Defendant's Motion for Summary Judgment; (2) Statement of Uncontroverted Facts; (3) Joint Evidentiary Appendix; and (4) [Proposed] Order]* |
| | | <u>CLASS AND COLLECTIVE ACTION</u> |
| | | Complaint filed: September 22, 2020 |
| | | FAC filed: June 3, 2021 |

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on February 6, 2025, at 10:00 a.m., or as soon thereafter as counsel may be heard in the courtroom of the Honorable Fernando M. Olguin, located at the United States Courthouse, 350 W. First Street, Los Angeles, California 90012, defendant Draper and Kramer Mortgage Corp. ("DKMC"), will, and hereby does, move the Court for an order granting DKMC's Motion For Summary Judgment, Or In The Alternative, Partial Summary Judgment.

This motion is made on the grounds that:

(1) The evidence demonstrates that Loan Officers sign DKMC agreements acknowledging that they are being hired for an outside sales position and that there is a memorialized expectation by all parties that a Loan Officer's job is exempt. The evidence also demonstrates that Loan Officers are responsible for developing their own home mortgage business, which inherently requires them to routinely visit prospective and existing clients and referral sources out in the field, and that engaging in such duties for one hour and one day a week satisfies the FLSA's outside sales exemption;

(2) California's outside sales exemption does not expressly foreclose on work from a home office being deemed "outside". In the event the Court were to continue to retain supplemental jurisdiction of Vasquez's individual state law claims after dismissing his FLSA claim, the Court need simply follow the principles arising out of caselaw holding that, under California's outside sales exemption, work must be deemed performed "outside" when the employer has no significant control over the premises where the employee performs their work. Vasquez's admissions that he spent a majority of his time working from home and under no DKMC oversight or control confirms that California's outside sales exemption applies to him;

(3) Vasquez's expense reimbursement claim arising from a contention that he has unreimbursed cellphone, home internet, and personal vehicle expenses must be dismissed because Vasquez's decision to use his personal cellphone and home internet

1
DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

for business purposes did not arise out of a DKMC mandate. He chose to use his personal cellphone and home internet because of personal convenience, not because it was necessary. At all times, DKMC provided Vasquez with technology on his laptop to make telephone calls and a space in its Santa Barbara office to work. Vasquez's contention about unreimbursed personal vehicle expenses must be dismissed because he does not actually claim a loss and, in any event, DKMC provided him with a means to submit reimbursement requests for said expenses. Under these facts, DKMC cannot be held to have actual or constructive knowledge of personal vehicle expenses when it was Vasquez who failed to utilize DKMC's reimbursement program.

This Motion is and will be based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Christopher A. Braham, along with any accompanying exhibits, all of which are filed and served concurrently herewith, and all papers and pleadings on file with the Court, and any other further evidence that may be judicially noticed or presented at the hearing on this matter.

This Motion is made following the conference of counsel pursuant to the Court's orders on motions for summary judgment and class certification (Dkt. Nos. 77, 78, 146), which took place on January 30, 2023.

Dated: December 31, 2024        Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

By:  /s/ *Christopher A. Braham*
     CHRISTOPHER A. BRAHAM
     BRIAN CASILLAS
     Attorneys for Defendant
     DRAPER AND KRAMER MORTGAGE CORP.