CHRISTOPHER A. BRAHAM (SBN 293367)
cbraham@mwe.com
BRIAN CASILLAS (SBN 303528)
bcasillas@mwe.com
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 277 4110
Facsimile: +1 310 277 4730

Attorneys for Defendant
DRAPER AND KRAMER MORTGAGE CORP.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VASQUEZ, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DRAPER AND KRAMER MORTGAGE CORP.,<br><br>Defendant. | Case No. 2:21-cv-00693-FMO-AS<br><br>**THE PARTIES' STIPULATION FOR SETTLEMENT APPROVAL; [PROPOSED] ORDER**<br><br>CLASS AND COLLECTIVE ACTION<br><br>Complaint filed: September 22, 2020<br>FAC filed: June 3, 2021 |

**TO THE HONORABLE JUDGE OLGUIN AND CLERK OF THE COURT, PLEASE TAKE NOTICE** that it is hereby stipulated by and between Plaintiffs Timothy Altpeter, Lisa Ashkenas, Clifford Brown, Angela Campbell, Dennis Delgado, Matthew Ewald, Patricia Foley, Nicholas Hedke, Hiram Herbert, Joshua Hereau, David Hill, Tom Hlava, David Holan, Hong Huynh, Eddie Jackson, Victoria Johnson, Michelle Morgan, David Schmeissing, Gil Segal, Clay Sweet, Craig Thurston, Jose Vasquez ("Named Plaintiff"), Gene Wilkes, Charles Wilson (collectively "Plaintiffs"), and Draper and Kramer Mortgage Corp. ("Defendant"), through their respective attorneys, as follows:

**WHEREAS**, on September 22, 2020, Named Plaintiff Vasquez filed his complaint against DKMC alleging a number of wage and hour claims under both the California Labor Code and the FLSA against Defendant.

**WHEREAS**, on April 10, 2022, the Court conditionally certified the following FLSA collectives: "Pre-Covid Pandemic Class: All Draper and Kramer Mortgage Corp. Loan Officers throughout the United States employed at any time between April 10, 2019 and March 14, 2020" and "COVID Pandemic Class: All Draper and Kramer Mortgage Corp. Loan Officers throughout the United States employed at any time between March 15, 2020 and May 1, 2021." All 24 Plaintiffs filed consent forms to join the lawsuit.

**WHEREAS**, the Parties exchanged substantial amounts of information and documents through discovery. Plaintiffs issued, and Defendant responded to, requests for the production of documents and written interrogatories. In response to Plaintiff's discovery requests, Defendant produced over 2,400 pages of documents. Defendant propounded requests for the production of documents and written interrogatories on the Plaintiffs. In response to Defendant's discovery requests, Plaintiff produced over 1,400 pages of documents. The Parties also took a number of depositions in this Action. Plaintiffs' Counsel deposed an individual designated under Fed. R. Civ. P.

- 1 -
THE PARTIES' STIPULATION FOR SETTLEMENT APPROVAL; [PROPOSED] ORDER

30(b)(6) to give testimony on behalf of the Defendant. Defendant's Counsel deposed nine individuals.

**WHEREAS**, on February 3, 2025, the Parties participated in a full day mediation before Hon. Margaret Nagle (Ret.) and ultimately reached an agreement on material settlement terms.  On February 19, 2025, the Parties entered into a fully executed long-form settlement agreement ("Settlement Agreement") memorializing the terms of settlement (Exhibit A).

**WHEREAS**, the Supreme Court has made held that an employer who settles an FLSA claim without either Department of Labor or court approval is at risk of a subsequent suit by the same employee, even if the employer receives a release as part of the settlement agreement. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 25 S.Ct. 895 (1945). Thus, a settlement involving a Fair Labor Standards Act claim must typically be approved by a court of competent jurisdiction or the United States Department of Labor as a fair and reasonable resolution of a bona fide dispute over wages. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) citing *Lynn's Food Stores, Inc. v. Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

**WHEREAS**, the Parties request that the Court approve the Settlement Agreement (Exhibit A) because it is a fair and reasonable resolution of a bona fide dispute over wages under the FLSA.

**WHEREAS**, under the terms of the Settlement Agreement (Section 8), the Parties request that the Court dismiss this Action without prejudice and further request that the dismissal without prejudice convert to a dismissal with prejudice sixty (60) days after the Court approves the Settlement.

/ / /

/ / /

/ / /

/ / /

**THEREFORE**, for the foregoing reasons, the Parties respectfully request that this Court enter the Proposed Order (Exhibit B) approving the Settlement Agreement (Exhibit A) as a fair and reasonable resolution of a bona fide dispute under the FLSA.

Dated:  February 20, 2025           By: _____/s/_____
                                    TIMOTHY P. RUMBERGER, Esq.
                                    Counsel for Plaintiff and the Collective


Dated:  February 20, 2025           By: _____/s/_____
                                    MCDERMOTT WILL AND EMERY, LLP
                                    CHRIS BRAHAM, Esq.
                                    BRIAN CASILLAS, Esq.
                                    Counsel for Defendant